Submitted on briefs May 23, reversed May 31, 1956

## SELLGREN ET UX *v.* BOYER
297 P. 2d 864

*Edwin J. Welsh,* of Portland, for appellant.
*Wheelock & Richardson* and *Russell R. Niehaus,* of Portland, for respondents.

LATOURETTE, J.

Plaintiffs, R. W. Sellgren and Myrtle M. Sellgren, husband and wife, vendors under a land contract, appeal from that portion of a strict foreclosure decree denying them attorney's fees.

In the contract between plaintiffs and defendant it was agreed that should defendant default in her obligations under the contract, plaintiffs had one of three remedies: first, they might declare the contract null and void; second, they might declare the whole unpaid principal balance of the purchase price and interest thereon at once due and payable; or, third, they might foreclose the contract by suit in equity.

The contract further provides:

> "And in case suit or action is instituted to foreclose this contract or to enforce any provisions thereof, second party agrees to pay such sum as the court may adjudge reasonable for plaintiff's attorney's fees in said suit or action."

In its interlocutory decree, the court found that $1,323.02 was a reasonable sum to be allowed plaintiffs as attorney's fees, but concluded that such fees should not be allowed plaintiffs in the event that defendant elected to surrender the property rather than pay the balance of purchase price within the time prescribed by the court. Defendant having failed to pay said balance within the prescribed time, the court entered a final decree foreclosing defendant's interests in the contract and disallowed plaintiffs any attorney's fees.

It is the contention of plaintiffs that under the terms of the above provisions of the contract, they have an absolute right to attorney's fees where strict foreclosure is obtained whether or not defendant redeemed.

■ The above provision for attorney's fees constitutes a direct, unequivocal promise on the part of the vendee to pay reasonable attorney's fees in case a suit in equity is brought to foreclose the contract. There are no conditions or exceptions attached to such promise and a court has no right to read into the contract a provision which does not appear therein. See *Newton et ux. v. Peay et ux.,* 196 Or 76, at page 88, 245 P2d 870.

■■ Apropos of the above, we quote from the opinion of Mr. Justice Tooze in a strict foreclosure suit, *City of Reedsport v. Hubbard et ux.,* 202 Or 370, 385, 274 P2d 248, as follows:

"* * * The court has no authority to read into said contract a provision which does not appear therein, nor to read out of it any portion thereof. And this is true, even though the result may appear to be harsh and unjust. The contracts of parties sui juris are solemn undertakings, and in the absence of any recognized ground for denying enforcement, they must be enforced strictly according to their terms. It is not the province of the court to rewrite a contract for the purpose of accomplishing that which, in the court's opinion, might appear proper."

Defendant relies on *Marquardt v. Fisher et al.,* 135 Or 256, 295 P 499 and *Grider v. Turnbow,* 162 Or 622, 94 P2d 285, which hold that in a strict foreclosure suit, vendors are not entitled to have both a judgment for the amount due and at the same time a foreclosure of the vendee's equities under the contract.

The above rule has no application in the present case. The amount due mentioned in each of the above cases clearly has reference to the summation of such items as principal, interest, taxes and insurance which a vendee has obligated himself to pay under the con-

tract. It is vendee's default in the payment of these items, and not the failure to pay attorney's fees, that gives rise to vendors' right to strict foreclosure.

■ In the instant case plaintiffs brought the suit to enforce their rights under the contract. This was an affirmance and not a repudiation of the contract. See *City of Reedsport v. Hubbard et ux.,* supra. Plaintiffs were compelled to employ attorneys to handle the litigation. In the contract defendant agreed to pay reasonable attorney's fees in such a circumstance and we know of no legal reason why she should be relieved of the same.

Reversed with instructions to allow plaintiffs $1,323.02 attorney's fees.