Argued March 12, affirmed March 18, 1959

BAKER ET UX *v.* DETER ET AL
DEVLIN ET UX *v.* BAKER ET UX

336 P. 2d 903

*David M. Spiegel,* Portland, argued the cause for appellants. On the brief were Lenske, Spiegel & Spiegel, Portland.

*Earl P. Conrad,* Toledo, and *Orval N. Thompson,* Albany, argued the cause for respondents. Weather-

ford & Thompson, Albany, and Earl McFarlan, Sweet Home, filed a brief for respondents H. W. Devlin and Lula Devlin. Earl P. Conrad filed a brief for respondent Thelma Pearl Deter.

Before PERRY,* Chief Justice, and WARNER, MC-ALLISTER** and SLOAN, Justices.

McALLISTER, C.J.

These two suits in equity arose out of a contract for the sale of a motel and its furnishings by Thelma Pearl Deter to Walter C. Baker and his wife, Marjorie Baker. The motel is situated at Oceanlake in Lincoln county.

On or about October 27, 1952, Mrs. Deter, as seller, and the Bakers, as buyers, executed a "contract for exchange of real property" on a printed form commonly used by real estate brokers. This document is referred to in the testimony as an earnest money receipt and will be so designated in this opinion to distinguish it from the more detailed contract later executed by the same parties.

The earnest money receipt required Mrs. Deter to sell her motel to the Bakers for $40,000 and to accept, at an agreed value of $9,000, property in Washington county owned by the Bakers. The parties were required to execute a contract of sale providing for payment of the balance of the purchase price of the motel in monthly installments of $225, including interest.

A contract of sale in the usual form was executed by Mrs. Deter, as seller, and the Bakers, as purchasers, under date of December 18, 1952. The Bakers did not take possession of the motel until April 30, 1953.

---

* Chief Justice when argued.
** Chief Justice when decided.

On August 10, 1953, Mrs. Deter assigned the contract of sale to defendants H. W. Devlin and Lula Devlin, his wife, and also conveyed the motel to the Devlins subject to the contract. Notice of the assignment was given to the Bakers by a letter from Devlins' attorney, dated August 27, 1953.

On September 1, 1953, an attorney representing the Bakers wrote a letter to Mrs. Deter charging that she had misrepresented the motel and giving notice that the Bakers elected to rescind the contract. The Bakers paid the monthly installments due under the contract of sale to and including the installment for August 1953 but made no further payments.

On November 13, 1953, the Devlins filed a suit in the circuit court for Lincoln county praying for a strict foreclosure of the contract of sale. On November 18, 1953, the Bakers filed in the same court their suit for a rescission of the contract of sale. These two suits were tried at the same time under a stipulation that the testimony taken in one might be considered as taken in the other. The circuit court found that the Bakers had failed to prove their charges of misrepresentation, dismissed the suit for rescission and entered a decree of strict foreclosure in the suit instituted by the Devlins. From each of these decrees the Bakers have appealed.

■ In the suit for rescission the Bakers alleged that Mrs. Deter had misrepresented the status of the motel as a going business, the amount of income which she had received therefrom and the location of the southerly boundary of the property. The burden was on the Bakers to prove these allegations by clear and convincing evidence. See *Belanger v. Howard,* 166 Or 408, 414, 122 P2d 1022. The trial judge who saw and heard the witnesses found that the Bakers failed to

sustain this burden of proof. We have carefully examined the record and have arrived at the same conclusion.

■ The allowance of attorney's fees to the plaintiffs in the strict foreclosure suit is in accord with the rule announced in *Sellgren et ux v. Boyer,* 207 Or 521, 297 P2d 864.

The decrees in both cases are affirmed.