Argued and submitted November 21, 1980, affirmed as modified
and remanded as to plaintiff and affirmed as to cross-plaintiff March 21,
reconsideration allowed, former opinion adhered to as modified
(52 Or App 719, 612 P2d 837) June 15, 1981

RAFTER Q CATTLE COMPANY,
*Respondent,*
*v.*
OREGON SUN RANCH, INC. et al,
*Appellants,*
LEWIS et al,
*Respondents,*

(No. 11787, CA 15469)

624 P2d 628

Richard A. Van Hoomissen, Judge Pro Tempore (Judgment and Decree and Decree of Foreclosure), Walter I. Edmonds, Jr., Judge (Supplemental Decree of Foreclosure).

Robert J. Vanden Bos, Portland, argued the cause for appellants. With him on the briefs were Herbert H. Anderson, Frank M. Parisi, and Spears, Lubersky, Campbell & Bledsoe, Portland.

William M. Holmes, Bend, argued the cause and filed the brief for respondent Rafter Q Cattle Company.

Terrence B. O'Sullivan, Bend, argued the cause and filed the brief for respondents John R. Lewis and Cabin Creek Ranch, Inc.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

This suit is one to foreclose a land sale contract by which defendants Oregon Sun Ranch, Inc., Leon and Sharon Gritten, John Lewis, and Zeke Graff agreed to purchase a ranch from plaintiff for the mining of Bentonite clay. The contract provided for a fixed yearly sum to be paid on principal and interest, and for severance payments of $1.10 per ton for all Bentonite removed; the severance payments, up to a maximum amount, were to be applied on the principal balance owing under the contract.

Defendants Leon and Sharon Gritten and Oregon Sun Ranch, Inc., subsequently entered into an agreement with defendant John Lewis by which the Grittens agreed to purchase Lewis' interest in Oregon Sun Ranch, Inc., and the real property covered by the land sale contract. The buy-out agreement provided that in the event the purchasers thereunder failed to make the payments due under the land sale contract to plaintiff, they would execute and deliver to Lewis a quitclaim deed of their interest in the real property. Lewis would then be in a position to cure any default or, if necessary, redeem the land. The Grittens and Sun Ranch defaulted on the contract with plaintiff, but failed to quitclaim their interest in the property to Lewis. Plaintiff brought suit to foreclose the purchasers' interest in the property, and Lewis cross-claimed against the Grittens and Sun Ranch to enforce his contract with them.

The Grittens and Sun Ranch appeal from the judgments and decrees entered following the granting of plaintiff's and cross-complainant Lewis' motions for summary judgment. Plaintiff was granted a decree of foreclosure, together with a money judgment for unpaid taxes and for payments not made for Bentonite removed; the decree gave defendants 90 days within which to redeem the property. Cross-complainant Lewis was decreed to be the sole owner of the vendees' interest in the property and was granted judgment on a note executed by the Grittens and Sun Ranch as part of the latter's agreement with Lewis.

On appeal from those judgments, the Grittens and Sun Ranch raise, through new counsel, many assignments of error by which they seek to litigate questions here which

were not only not raised in the trial court, but were acceded to by their trial counsel. We modify plaintiff's judgment and decree in part, and affirm it as so modified; we affirm the judgment and decree in favor of cross-complainant.

There were no disputes as to any material fact with regard to either of the motions for summary judgment. Thus, the sole question before the trial court was whether the moving parties were entitled to judgment as a matter of law. Former ORS 18.105.

■       On this record, it is clear that plaintiff was entitled to a decree of strict foreclosure as a matter of law. Appellants' trial counsel admitted at the summary judgment hearing that there was no defense to plaintiff's claim. Any error, therefore, was either invited, *see Sheets v. B & B Personnel Systems of Oregon,* 257 Or 135, 475 P2d 968, 476 P2d 920 (1970), or waived. *See Portland Machinery Co. v. Sistig,* 283 Or 249, 583 P2d 536 (1978); *Oates v. Stump,* 279 Or 397, 569 P2d 7 (1977); *Abbott v. Bob's U-Drive et al,* 222 Or 147, 162-63, 352 P2d 598 (1960). Appellants contend that their counsel did not have authority to make those concessions; however, the trial counsel was the attorney of record for them, and both the court and opposing counsel were entitled to rely on his authority. The adversary system could not function if the law were otherwise. Accordingly, we decline to review appellants' assignments of error relating to that portion of the decree foreclosing the land sale contract.

■       Appellants' contention that plaintiff was not entitled to a money judgment, in addition to strict foreclosure, for unpaid taxes and payments due for Bentonite removed is in a different posture. The question raised is whether plaintiff was entitled to those money judgments as a matter of law. If not, the error is an error of law appearing on the face of the judgment. Although the issues should have been raised below, or be waived, we may take notice of errors of law apparent on the face of the record in extraordinary situations. *(See* Rules of Appellate Procedures, Rule 7.19.) We believe this case presents such a situation on this issue.

The land sale contract requires the purchasers to pay when due all real property taxes levied against the

property. Failure to do so constitutes an event of default under the contract, permitting the plaintiff to accelerate the principal balance owing and to strictly foreclose the contract. Here, plaintiff not only obtained a decree for strict foreclosure, but also a money judgment for unpaid real and personal property[1] taxes, with interest thereon. Although there is scant authority on the question, we believe the dictum in *Sellgren et ux v. Boyer*, 207 Or 521, 523-4, 297 P2d 864 (1956), is a correct statement of the law.

*Sellgren* held that a foreclosing plaintiff under a land sale contract providing for attorney fees to the prevailing party may, in addition to a decree of strict foreclosure, have a money judgment for attorney fees. In distinguishing cases which hold that in a strict foreclosure the vendor is not entitled to have both a judgment for the amount due and, at the same time, a foreclosure of the vendee's interest, the court said:

> "The above rule has no application in the present case. The amount due mentioned in each of the above cases clearly has reference to the summation of such items as principal, interest, taxes and insurance which a vendee has obligated himself to pay under the contract. It is vendee's default in the payment of these items and not the failure to pay attorney's fees, that gives rise to vendors' right to strict foreclosure." 207 Or at 523-4.

■ We accept that statement as an accurate proposition applicable to strict foreclosure of land sale contracts, and therefore modify the judgment portion of the decree to eliminate any money judgment for unpaid taxes, real or personal.

■ ■ The money judgment for Bentonite removed from the land, however, is proper. The severance payments required to be made under the contract represent the price of the mineral taken from the land — it has been appropriated and bought by the vendees. The vendor does not get back that part of the land on foreclosure; it has been severed and removed, and the land has been permanently depleted, and the vendor's security reduced, to that extent.

---

[1] We find nothing in the land sale contract requiring the purchasers to pay personal property taxes.

If the vendor were not entitled to a money judgment for severance of minerals or timber, where the contract provides for them, the vendees could strip the land and let the vendor take back the bare land on foreclosure, and with impunity — the vendees would have obtained what they wanted without paying for it.[2] Accordingly, that portion of the money judgment will not be disturbed.

■ ■ Turning to the summary judgment in favor of cross-complainant Lewis, appellants' trial counsel also admitted that there was no defense to the note executed in Lewis' favor pursuant to the parties' buy-out agreement. Therefore, they have waived any objections to the granting of judgment on the note. Although appellants did not state affirmatively that they had no defense to Lewis' other cross-claims, they failed to offer counter-affidavits or even offer argument in opposition to those claims. There being no dispute as to the facts set forth in Lewis' pleadings, exhibits and supporting affidavit, those facts must be taken as true. *Comley v. State Bd. of Higher Ed.,* 35 Or App 465, 469-70, 582 P2d 443 (1978). We conclude that the materials Lewis placed before the trial court were sufficient to establish each of the elements of his remaining claims, and therefore affirm the decree. *See Stanfield v. Laccoarce,* 288 Or 659, 664-65, 607 P2d 177 (1980).

■ The essence of appellants' argument in this court is that they were deprived of a fair trial because of the incompetency of their trial counsel. Unfortunately, such a

---

[2] It is true that a vendor may elect to sue for specific performance of the contract, tender a deed conditioned on payment of the judgment for the balance, of the full price, have the real property sold on execution if the judgment is not paid within a specified time and obtain a deficiency judgment against the vendee if the judgment is not satisfied by the sale. *Renard v. Allen,* 237 Or 406, 391 P2d 777 (1964). However, there appears to be a murky area here insofar as the priority of prior judgments against the vendees is concerned under the doctrines of equitable conversion and relation back. Also unclear is whether the vendees would be entitled to the statutory right of redemption within one year applicable to execution sales (ORS 23.560) notwithstanding the period granted in the decree for "redemption" before sale.

It is questionable whether the alternative remedy of specific performance of land sales contracts has been thoroughly considered. It is problematic, at the least, whether a vendor should be in a better position than a purchase money mortgagee (ORS 88.070) where the vendor is attempting to collect the debt rather than exercise his traditional right to strictly foreclose. Yet that seems to be the result under the ground rules so far articulated by the Supreme Court.

circumstance may occur from time to time, and whatever the remedy may be, it is not litigation anew in this court.

There is one other point: plaintiff's judgment provides in part as follows:

> "That if defendant John R. Lewis fails to pay the sums described in paragraph 3 [the redemption price] to the clerk of the court on or before October 11, 1979, that (a) plaintiff have judgment against the defendants OREGON SUN RANCH, INC., JOHN R. LEWIS and LEON E. GRITTEN, and each of them, in the sum of * * *; the sum of $6,000 for Bentonite sold but not paid for *as to Grittens only* * * *." (Emphasis supplied.)

Plaintiff conceded that it was not entitled to a personal judgment against Sharon Gritten. Because the words "as to Grittens only" could be read to include Sharon as well as Leon Gritten, we modify the underlined portion of the decree to read "as to Leon Gritten only."

Judgment and decree for plaintiff affirmed as modified, and case remanded for the entry of a new judgment and decree in favor of plaintiff in conformancy with the modification provided for herein. The judgment and decree in favor of cross-complainant is affirmed.