Argued and submitted November 3, affirmed in part and reversed
in part December 9, 1981

# UNITED STATES NATIONAL
# BANK OF OREGON,
*Petitioner on Review,*

*v.*

# SMITH,
*Respondent on Review.*

(No. 78-3448, CA 16508, SC 27523)

637 P2d 139

Richard Bryson, Eugene, argued the cause for petitioner on review. With him on the briefs was Bryson & Bryson, Eugene.

Harold D. Gillis, Eugene, argued the cause and filed the briefs for respondent on review.

Before, Denecke, Chief Justice, and Tongue, Lent, Linde, Peterson and Tanzer, Justices.

TONGUE, J.

Denecke, C. J., specially concurred and filed opinion.

## TONGUE, J.

This is a suit to foreclose a mortgage in which the promissory note provides that:

"* * * in case suit or action is instituted to collect this note * * * I promise to pay such additional sum as the court may adjudge reasonable as attorneys' fees in said suit or action, or on any appeal therefrom * * *."

The trial court entered a decree of foreclosure in favor of plaintiff and also awarded $3,156 to plaintiff as attorney fees. Defendant appealed to the Court of Appeals, assigning two errors, including one contending that the trial court erred in its award of attorney fees in that amount. The Court of Appeals affirmed the decree of the trial court, except for its award of attorney fees on the trial of this case, which it reduced to the sum of $750. 49 Or App 289, 619 P2d 921 (1980).[1]

Defendant then filed both a cost bill and a petition for an award of $1,940 as attorney fees to him as the "prevailing party" on the appeal. Plaintiff also filed a cost bill and a petition for attorney fees on appeal.

The Court of Appeals awarded defendant $1,940 as attorney fees, as well as defendant's cost bill in the sum of $702, on the ground that defendant was the prevailing party on the appeal. Plaintiff then filed a petition for review of that award to defendant of attorney fees and costs on appeal, contending that defendant was not the prevailing party on the appeal, and that under the provisions of both the note and ORS 20.096 plaintiff, instead of defendant, was entitled to attorney fees and costs on the appeal of this case. We allowed that petition because of apparent confusion in the law on this question in cases involving contracts with provisions for payment of attorney fees.

---

[1] Plaintiff's original complaint prayed for $750 as attorney fees. It was stipulated on trial that attorney fees would be handled as a part of the cost bill by the prevailing party. Plaintiff then submitted a bill for costs and $3,156 as attorney fees. Over defendant's objection, the trial court awarded plaintiff costs and attorney fees in that amount. This was one of defendant's two assignments of error on appeal and the only assignment of error sustained by the Court of Appeals, which reduced plaintiff's attorney fees on trial of the case from $3,156 to $750. Plaintiff's petition for review does not challenge that holding by the Court of Appeals, but only its award to defendant of attorney fees and costs on the appeal of this case and its denial of plaintiff's cost bill and petition for attorney fees on appeal.

ORS 20.096 provides:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements.

"* * * * *

"(5) As used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered."

Defendant's petition to the Court of Appeals for an award of attorney fees on appeal states that he "relies on ORS 20.096." The memorandum submitted by defendant to the Court of Appeals in support of its "Cost Bill" relies upon decisions by this court holding that when, as in this case, a defendant obtains on appeal a reduction in the amount of judgment or decree against him (in this case a reduction of the attorney fees awarded to plaintiff by the trial court), he is the "prevailing party" on appeal and, as such, is entitled to an award by the appellate court of the costs incurred by him on the appeal, citing *Clements v. Thornton,* 268 Or 367, 377, 520 P2d 893 (1974); *Keegan v. Lenzie,* 171 Or 194, 135 P2d 717 (1943), and *Obermeier v. Mortgage Co. Holland-America,* 123 Or 469, 259 P 1064, 260 P 1099, 262 P 261 (1927). To the same effect, see *Gowin v. Heider,* 237 Or 266, 327-28, 386 P2d 1 (1963), *modified on rehearing,* 391 P2d 630 (1964). It would appear that this was the basis for the holding by the Court of Appeals that defendant, rather than plaintiff, was entitled to an award of attorney fees as well as costs on the appeal of this case.

None of these cases involved provisions of a note or contract relating to payment of attorney fees or the provisions of ORS 20.096. Indeed, none of them involved awards of attorney fees. All of them involved appeals in actions at law, rather than suits in equity, and involved awards of costs and disbursements, rather than attorney fees. These cases held only that where, in such cases, there had been a substantial modification on appeal of the judgment of the trial court, the appellant was entitled to an award of costs and disbursements.

In this case, plaintiff's claim to attorney fees is based upon the provisions of a promissory note signed by defendant, which provides that in the event of suit or action he will pay "such additional sum as the court may adjudge reasonable as attorneys' fees in said suit or action or on any appeal therefrom * * *."[2] Thus, plaintiff contends that its right to attorney fees is contractual, not based on statute, and that under the provisions of the note defendant is obligated to pay whatever the court may adjudge reasonable as attorney fees on appeal (citing *Sellgren v. Boyer,* 207 Or 521, 524, 297 P2d 864 (1956)); that this "does not call for a determination of who prevailed," and that, as a result, plaintiff, rather than defendant, is entitled to attorney fees on appeal in this case. In addition, plaintiff contends that it is entitled to attorney fees under ORS 20.096 because it was the "prevailing party" under the provisions of that statute.

As previously noted, ORS 20.096(1) provides that in actions or suits on a contract which includes a provision for payment of attorney fees incurred to enforce the provisions of the contract, "reasonable attorney fees" incurred to enforce the provisions of the contract shall be awarded to the "prevailing party" at trial or on appeal whether that party is the party specified in the contract or not. As also previously noted, ORS 20.096(5) defines "prevailing party" for the purposes of that statute as

"* * * the party in whose favor final judgment or decree is entered."[3]

■ It follows, in our opinion, as contended by plaintiff, that in an action or suit to enforce the provisions of a contract which includes a provision for payment of attorney fees incurred to enforce provisions of the contract, the only question to be determined in deciding which party is

---

[2] No contention is made by defendant that because of the word "or" in both the note and also in ORS 20.096(1), plaintiff is entitled to attorney fees only on either trial or on appeal, but not on both.

[3] The report of the Legal Aid Committee of the Oregon State Bar to the 1970 Annual Meeting of the Oregon State Bar states that ORS 20.096 was patterned after a California statute (California Civil Code 1717) and was adopted for the benefit of the poor in order to "equalize" the parties to contracts which provide for attorney fees in favor of one party only.

entitled to an award of attorney fees on appeal is the question of determining "the party in whose favor final judgment or decree is rendered," not whether the appellant has been successful on appeal in obtaining some substantial modification of the judgment or decree as entered by the trial court.

■ Because the final decree in this case, although modified on appeal, affirmed the judgment in favor of plaintiff in the sum of $5,455, plus interest, as the balance due under the note, the plaintiff was the "prevailing party" for the purposes of ORS 20.096(1) and (5) and was, therefore, entitled to an award of reasonable attorney fees on appeal to the Court of Appeals.[4]

Rather than remand this case to the Court of Appeals to determine what would be a reasonable attorney fee award to plaintiff on defendant's appeal to that court, and in the interests of expediting a final determination of this case, we shall make that determination. Plaintiff's petition for attorney fees asked for an award of $3,480 as a reasonable attorney fee on appeal to the Court of Appeals, based upon an affidavit listing in detail the work performed by plaintiff's attorneys in that appeal, totaling 43 1/2 hours at $80 per hour.

In *Chalmers v. Oregon Auto. Ins. Co.*, 263 Or 449, 455, 502 P2d 1378 (1972), we said that:

> "For the purpose of determining what is a reasonable attorney fee in the appeal of a case to this court, however, we must attempt to ascertain the reasonable value of such services, based not only upon the amount of time required, but also such additional factors as the novelty and difficulty of the question involved, the amount involved and the result obtained, among other factors."

*See* Code of Professional Responsibility, DR 2-106 and Anno., 57 ALR 3d 475 (1974).

■ Upon consideration of all of such factors in this case, we are of the opinion that the sum of $2,000 is a

---

[4] Because this holding is based upon the provisions of ORS 20.096, we do not consider in this case the question whether, in the absence of ORS 20.096, plaintiff would be the "prevailing party" under the rule as stated in cases such as *Gowin v. Heider*, 237 Or 266, 327-28, 386 P2d 1 (1963), *modified on rehearing* 391 P2d 630 (1964).

reasonable attorney fee to be awarded to plaintiff as the respondent on the appeal of this case to the Court of Appeals.

With respect to costs and disbursements, we also believe that in the interest of terminating this litigation, this court should determine what, if any, costs and disbursements should be allowed on the appeal of this case. Plaintiff contends that because this is a suit in equity such an award is "discretionary" and asks that this court do what is "reasonable." Considering the fact that this is a suit in equity, together with all of the facts and circumstances relating to the appeal of this case, it is our opinion that no costs and disbursements should be allowed to either party on the appeal of this case.

For these reasons, the order by the Court of Appeals awarding to the defendant attorney fees, costs and disbursements on appeal is reversed. Plaintiff is awarded $2,000 as a reasonable attorney fee on the appeal of this case to the Court of Appeals, with costs and disbursements to neither party. In all other respects, the decision of the Court of Appeals is affirmed.

Affirmed in part and reversed in part.

**DENECKE, C. J.,** specially concurring.

I concur in the decision and opinion in this case. I specially concur to state the possible consequences of our decision and the possible need for legislative change.

Assuming that the plaintiff secured a judgment for $100,000 in the trial court and on appeal, the defendant was able to convince the appellate court to reduce that to $100, under our reasoning in the present case it might be thought that the plaintiff is still "the prevailing party" in such a situation. If so, an attorney fee on appeal would be payable to the plaintiff. The court awarding fees may be able to award only a nominal fee because while the plaintiff may have a judgment in its favor for $100, the defendant was the big winner. This may not be possible, however, under the criteria we stated in *Chalmers v. Oregon Auto. Ins. Co.,* 263 Or 449-455, 502 P2d 1378 (1972). The result obtained is only one factor to be used in fixing fees.

Under the hypothetical stated, the plaintiff may not be "the prevailing party" under the statute. *See Kytasty v. Godwin,* 102 Cal App3d 762, 162 Cal Rptr 556 (1980).

In any event, if, under the hypothetical stated, the plaintiff would be entitled to a substantial attorney fee on appeal, I doubt if such a result coincides with what the legislature intended and ORS 20.096 should be amended.