Argued and submitted April 6, affirmed as modified September 21, petition for rehearing denied October 26, 1982

CARLSON et ux,
*Petitioners on Review,*
*v.*
BLUMENSTEIN et al,
*Respondents on Review.*

(CA 18864, SC 28259)

651 P2d 710

Paul J. De Muniz, of Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem, argued the cause for petitioners on review. On the briefs in the Court of Appeals were Duncan, Tiger & Rothlisberger, Stayton.

Dale L. Crandall, of Crothers & Crandall, Salem, argued the cause and filed the briefs for respondents on review. With him on the reply brief was Kathleen A. Evans, certified law student.

Before Denecke, C. J.,** and Lent, Linde, Peterson, Tanzer, and Campbell, Justices.

PETERSON, J.

** Denecke, C. J., retired June 30, 1982.

## PETERSON, J.

The parties entered into a contract containing a provision that "the losing party agrees to pay to the successful party" reasonable attorney fees to be fixed by the court. The plaintiffs' complaint for damages for breach of contract was met with a counterclaim for damages for breach of the same contract. The trial court found for plaintiffs on some of their claims and for defendants on some of their claims. The judgment concluded as follows:

"IT IS HEREBY ORDERED AND ADJUDGED, that:

"Plaintiffs are awarded judgment against the defendants in the sum of $2,727.04, plus interest at the rate of 6 percent per annum from August 1, 1976 until March 19, 1979, plus the sum of $2000, allowed as plaintiffs' reasonable attorney's fees and their costs and disbursements incurred herein, taxed in the sum of $165.70."

We first set forth the governing statutes. ORS 20.096 provides, in part:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

"* * * * *.

"(5)    * * * '[P]revailing party' means the party in whose favor final judgment or decree is rendered."

The "offer of compromise" statute, ORS 17.055, provided:[1]

"* * * [T]he defendant may, at any time before trial, serve upon the plaintiff an offer to allow judgment or decree to be given against him for the sum, or the property, or to the effect therein specified. If the plaintiff accepts the offer, he shall by himself or attorney indorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon him; and thereupon judgment or decree shall be given

___

[1] ORS 17.055 has been repealed. *See* note 6 *infra*. ORCP 54E now contains the provisions previously included in ORS 17.055, *plus others*.

accordingly, as in case of a confession. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the plaintiff fails to obtain a more favorable judgment or decree, he shall not recover costs, but the defendant shall recover of him costs and disbursements from the time of the service of the offer."

In this case, a $3,000 offer of compromise was made after filing, two months before trial. The offer was not accepted, and a judgment was entered for the plaintiffs for damages, attorney fees, costs and disbursements. The defendants assert that the judgment ultimately returned against them was not "more favorable" than their offer, and they therefore claim entitlement to costs, disbursements and attorney fees. The decision in this case turns upon a construction of the attorney fees statute, ORS 20.096, in relation to the offer of compromise statute, ORS 17.055.

# I
## THE FACTS

On December 13, 1975, the parties entered into a contract under which the defendants contracted to build a residence for the plaintiffs. The parties used a printed Stevens-Ness Law Publishing Co. contract, Form No. 920, entitled "CONTRACT FOR PURCHASE AND CONSTRUCTION ON BUILDER'S LOT." The contract contained this provision:

"Should either party hereto bring any action against the other arising out of this contract, the losing party agrees to pay to the successful party (a) the latter's reasonable attorney's fees to be fixed by the trial court and (b) on appeal, if any, similar fees in the appellate court to be fixed by the appellate court."

In the plaintiffs' complaint, the plaintiffs sought damages for the defendants' failure to properly perform the construction work, and credits for work they performed and material they supplied. The defendants asserted three counterclaims. One involved a claim for extra work performed by the defendants. The second was for amounts due under the contract. The third counterclaim was unrelated to the contract.

On May 3, 1979, the defendants filed an "offer of compromise" offering "to allow Judgment in favor of the plaintiffs against the Defendants in the amount of $3000." According to its terms, the offer was "made pursuant to ORS 17.055; ORS 20.096; ORS 20.180; and *Wetzstein v. Hemstreet,* 276 Or 623 (1976)." Plaintiffs did not accept the offer, and the case went to trial in July. The trial judge found as follows:

| For plaintiffs | | For defendants | |
|---|---|---|---|
| A. Cost of repairing defects caused by poor workmanship | $3,260.00 | C. Unpaid sums due defendants under the contract | $3,677.19 |
| B. Items paid for by plaintiffs "which were an integral part of the construction contract and which were the responsibility of the defendants to pay for" | 4,121.59 | D. Extra work requested by plaintiffs | 766.76 |
| | | E. Repairs to plaintiffs' former residence | 220.60 |
| TOTAL | $7,381.59 | | $4,664.55 |

The court awarded plaintiffs the difference, $2,717.04, plus prejudgment interest to March 19, 1979,[2] making a total award in excess of $3,000. The court also awarded plaintiffs $2,000 attorney fees. The defendants appealed.

The Court of Appeals held:

1.   The defendants were entitled to prejudgment interest on items C and D from July 1, 1976, and on item E from August 1, 1976.

2.   The plaintiffs were not entitled to prejudgment interest on item A, but were entitled to prejudgment interest on item B from July 1, 1976.

3.   The plaintiffs' total judgment, after the Court of Appeals calculations were made, amounted to less than $3,000. Therefore, that court held that defendants, "having

---

[2] The March 19, 1979, date was described in the trial court's findings as the date the defendants "tendered performance."

tendered $3,000 in settlement, are the prevailing parties, not plaintiffs." 54 Or App at 386. The Court of Appeals remanded the case to the trial court for "a precise calculation of the correct amount" of interest, and ordered that the trial court, on remand, "also award defendants an amount for attorney fees as the prevailing parties." 54 Or App at 386.

The plaintiffs have petitioned for review. They do not seek review of the Court of Appeals holding on the prejudgment interest questions. Their only claim is that they "are the prevailing party for purposes of ORS 20.096 and are not prohibited by ORS 17.055 from an award of attorney's fees."

## II
### ORS 20.096—THE RECIPROCAL ATTORNEY FEES STATUTE

The defendants claim that because the plaintiffs' net award did not exceed $3,000, the defendants were the "prevailing party" and therefore entitled to attorney fees under ORS 20.096. The plaintiffs claim that they were the "prevailing party" under ORS 20.096, irrespective of the offer of compromise made by the defendants under ORS 17.055. They further claim that "any offer of compromise must be compared with the petitioners' damages and the amount of attorney's fees accrued as of the date of the compromise offer, in determining whether [plaintiffs] have failed to 'obtain a more favorable judgment or decree' pursuant to ORS 17.055."

The contract is on a printed form in which the blanks contain handwritten entries. There is no evidence that the parties bargained about, considered or discussed the meaning of the attorney fee clause or the meaning of the terms "the losing party" and the "successful party."

■    Both parties invoke ORS 20.096. ORS 20.096 contains neither the term "the losing party" nor the term "the successful party." It uses the term "the prevailing party." In the absence of any evidence that the intention of the parties was otherwise, we will ascribe to the term "the successful party," the statutory meaning of "prevailing

party," which is defined in ORS 20.096(5) as "the party in whose favor final judgment or decree is rendered."[3]

*U. S. Nat l Bank v. Smith,* 292 Or 123, 637 P2d 139 (1981), held that even though a defendant obtained a reduction of a judgment on appeal and was entitled to an award by the appellate court of the *costs* incurred on the appeal, the plaintiff, having obtained a final judgment in its favor, was entitled to attorney fees under ORS 20.096.

> "It follows, in our opinion, as contended by plaintiff, that in an action or suit to enforce the provisions of a contract which includes a provision for payment of attorney fees incurred to enforce provisions of the contract, the only question to be determined in deciding which party is entitled to an award of attorney fees on appeal is the question of determining 'the party in whose favor final

[3] Before 1971, contracts often contained one-sided provisions for the recovery of attorney fees by but one of the parties to a contract. Such provisions put the disfavored party at a tactical disadvantage. The purpose of ORS 20.096 was to make, by statute, such contracts reciprocal, to allow both parties the same right to collect attorney fees, withdrawing the tactical advantage previously enjoyed by only the favored party. *Jewell v. Triple B Enterprises,* 290 Or 885, 888, 890, 626 P2d 1383 (1981).

The attorney fee provision involved in this case is, by its terms, reciprocal. It could be argued that ORS 20.096 has no application because it was intended to deal only with one-sided contractual provisions. Since 1971, however, this court has applied ORS 20.096 in cases in which the contractual provisions at issue were already reciprocal. *Shipler v. Van Raden,* 288 Or 735, 737, 608 P2d 1162 (1980); *McMillan v. Golden,* 262 Or 317, 318, 497 P2d 1166 (1972). (*Shipler* and *McMillan* were decided under a slightly different version of ORS 20.096, but the differences are not relevant here.) In *Shipler,* as here, the parties did not question the applicability of ORS 20.096. *See* 288 Or at 737 n 2. We hold that ORS 20.096 applies to attorney fee clauses such as the one at bar, which are already, by their terms, reciprocal. We do so for these reasons: First, the literal terms of the statute permit that construction. Such contracts do provide for the award of attorney fees (quoting the statute) "to one of the parties." Second, the legislative history suggests that the statute would apply to all contracts containing attorney fees provisions. Third, it appears that the bench and bar, including this court, have been construing and applying the statute to all cases involving attorney fee provisions, cases such as this one. We therefore hold that absent any express language in a contract to the contrary, or absent other evidence, the meaning of "prevailing party" (or similar terms) in contracts such as the contract at bar, be given the meaning contained in ORS 20.096(5).

*Compare* these California cases, which are not in agreement with each other: *Mabee v. Nurseryland Garden Centers, Inc.,* 88 Cal App 3d 420, 427 n 4, 152 Cal Rptr 31, 35 n 4 (1979); *Sain v. Silvestre,* 78 Cal App 3d 461, 475-76, 144 Cal Rptr 478, 487-88 (1978); *Beneficial Standard Properties, Inc. v. Scharps,* 67 Cal App 3d 227, 230-32, 136 Cal Rptr 549, 551 (1977); and *Herzog v. Riel,* 99 Cal App 3d Supp 12, 15 n 1, 16 n 2, 160 Cal Rptr 510, 512 nn 1, 2 (1979).

judgment or decree is rendered,' not whether the appellant has been successful on appeal in obtaining some substantial modification of the judgment or decree as entered by the trial court.

"Because the final decree in this case, although modified on appeal, affirmed the judgment in favor of plaintiff in the sum of $5,455, plus interest, as the balance due under the note, the plaintiff was the 'prevailing party' for the purposes of ORS 20.096(1) and (5) and was, therefore, entitled to an award of reasonable attorney fees on appeal to the Court of Appeals." 292 Or at 127-28.

■    Here, as well, the words of ORS 20.096(5) are dispositive. The plaintiffs are the party "in whose favor final judgment or decree" was entered. They are "the prevailing party" under ORS 20.096(5). As such, they are entitled to attorney fees, unless ORS 17.055 operates to prevent such a recovery.[4]

This result is inconsistent with two previous decisions of this court, *Webster v. General Motors Accept.*, 267 Or 304, 516 P2d 1275 (1973), and *Wetzstein v. Hemstreet*, 276 Or 623, 555 P2d 1243 (1976). To the extent that the holding of those cases is inconsistent with the holding expressed herein, they are disapproved.[5]

---

[4] This may be an unanticipated result, not contemplated by the framers of the statute. *See U.S. Nat'l Bank v. Smith*, 292 Or 123, 129-30, 637 P2d 139 (1981) (Denecke, C. J., concurring).

We recognize that the wording of the statute may deter a party who has a valid counterclaim from defending or asserting the counterclaim because of the risk that the other party's recoverable claim is likely to be larger. The net difference would be in favor of the other party, and the party having a valid counterclaim might be deterred from asserting it. Of course, the party need not assert the counterclaim. Such a party could file a separate suit, claiming attorney fees. But that course of action may have pitfalls as well.

On the question of who is the "successful party" or "prevailing party" for purposes of awarding costs where both parties prevail on affirmative claims, see Annot., 66 ALR3d 1115 (1975). As the cases discussed in that annotation reveal, problems of assessing costs and attorney fees in such cases can become very complex. Perhaps the last sentence of ORCP 54E, in its present form, obviates some of the problems. See notes 6, 7 *infra*.

[5] *Webster v. General Motors Accept.*, 267 Or 304, 516 P2d 1275 (1973), involved an action by the plaintiff to recover a surplus from a foreclosure sale of a used truck which he had purchased from the defendant. The defendant conceded that a surplus of $475.84 existed in favor of the plaintiff, and offered that amount

We turn then to ORS 17.055 to consider how it bears on the attorney fees and costs questions.

to plaintiff by an offer of compromise filed *on the day of trial* pursuant to ORS 17.055. Although the trial court awarded damages in excess of $6,000 to the plaintiff, on appeal this court held that the plaintiff was entitled to a judgment of the exact amount offered by the defendant, $475.84. This court rejected the plaintiff's contention that he was nonetheless entitled to attorney fees under ORS 20.096, saying:

> "While the defendants made an offer to compromise the plaintiff's claim on the day of trial in an amount which we have determined to be correct, this offer was not accepted by the plaintiff. Because the plaintiff failed to accept the offer of compromise and because he did not receive an award in excess of the offer, he should recover attorney fees only for those services rendered up to the time of the offer." 267 Or at 310.

As will appear below, ORS 17.055 does not concern attorney fees and the quoted paragraph above is disapproved.

Defendants' principal reliance is upon *Wetzstein v. Hemstreet,* 276 Or 623, 555 P2d 1243 (1976). In that case, the plaintiffs purchased an unfinished home from the defendant builder. The contract provided that if suit or action was brought on the contract, "the losing party agrees to pay the * * * prevailing party's reasonable attorney's fees." *Before suit was filed,* the defendant offered to pay the plaintiffs the sum of $2,689.50. The trial court awarded the plaintiffs $2,689.50. The trial court, citing ORS 17.055, held that because the plaintiffs "failed to obtain a more favorable result," the defendant was the prevailing party and entitled to a reasonable attorney's fee. 276 Or at 629. We affirmed, saying:

> "In *Gorman v. Boyer,* 274 Or 467, 472, 547 P2d 123 (1976), we held that the allowance of attorney fees, when provided for in a contract, are not costs and that '[t]he basis for allowance of attorney fees in such cases is different than in cases involving statutes which expressly provide that attorney fees may be allowed as a part of the costs of an action.' ORS 20.180 provides only for the assessment of costs.
>
> "In the case at bar, the trial court specifically found that the defendant was the prevailing party and did not err in allowing attorney fees to the defendant." 276 Or at 629.

As will be seen, *infra,* there is no relationship between ORS 17.055 and ORS 20.096, insofar as an award of attorney fees is concerned, and the above holding of *Wetzstein* is also disapproved.

*State ex rel State Scholarship Com'n. v. Magar,* 288 Or 635, 607 P2d 167 (1980), is distinguishable. In that case, the defendant's offer of compromise was accepted by the plaintiff, who thereafter claimed attorney fees even though the offer had been accepted. We held that ORS 17.055 requires that "judgment or decree shall be given accordingly," as with a consent decree, and that ORS 20.096 did not independently create a right to recover attorney fees, once the offer of compromise was accepted by the plaintiff. The only judgment that can properly be entered is one which is in accordance with the terms of the offer, as accepted. 288 Or at 641-42.

*Hammond v. N.P.R.R. Co.,* 23 Or 157, 162, 31 P 299 (1892), holds that costs follow "* * * as a matter of course after judgment without an offer, or with an offer when accepted." The *Magar* result may not obtain when attorney fees are recoverable as a part of costs. *Compare Gorman v. Boyer,* 274 Or 467, 472, 547 P2d 123 (1976). *See also* note 7 *infra.*

## III
## ORS 17.055—THE "OFFER OF COMPROMISE" STATUTE

ORS 17.055 concerns costs and disbursements. The final clause of the statute provides that "if the plaintiff fails to obtain a more favorable judgment or decree [than the offer], he shall not recover costs, but the defendant shall recover of him costs and disbursements from the time of the service of the offer."[6]

■ ORS 17.055 and ORS 20.096 are not inconsistent with each other. An offer of compromise under ORS 17.055 operates to cut off a plaintiff's rights to costs and disbursements. It does not concern attorney fees. Under the analysis in Part II, *supra,* the plaintiffs remain entitled to attorney fees, even after the modifications ordered by the Court of Appeals, because they are "the party in whose favor final judgment * * * is rendered."

■ One question remains. Even though ORS 17.055 does not entitle the defendants to attorney fees because the plaintiffs are the "prevailing party" under ORS 20.096(5), are the defendants entitled to costs and disbursements from the time of service of the offer because the plaintiffs failed "to obtain a more favorable judgment or decree"? ORS 17.055 has been a part of Oregon law since 1862. Deady's General Laws of Oregon § 511. Its purpose was undoubtedly to encourage the settlement of cases and reduce court congestion by penalizing a plaintiff who fails to

---

[6] Effective January 1, 1980, ORS 17.055 was repealed and ORCP 54E became effective. Although ORCP 54E, in its original form, differed in wording from ORS 17.055, the substance of ORCP 54E, as it became effective in 1980, was virtually identical to ORS 17.055. CCP 12/2/78; amended, Or Laws 1979, ch 284, § 32.

ORCP 54E was again amended in 1981, Or Laws 1981, ch 912, § 2, to include specific provisions for attorney fees. The final sentence of ORCP 54E now reads:

"* * * If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover *costs, disbursements, and attorney fees* incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim *costs and disbursements* from the time of the service of the offer." (Emphasis added.)

The significance of the 1981 changes to ORCP 54E is not before us in this case.

accept what, in retrospect, is seen to have been a reasonable offer. A "judgment" normally includes (1) an award or awards of damages and (2) costs and disbursements. In addition, many judgments include an award for attorney fees. Generally, some costs and attorney fees are incurred before a complaint is filed. Thereafter, additional costs and attorney fees may be incurred before the offer of compromise is made. We think it likely that the legislature, in providing for a statutory offer of compromise, intended that costs and recoverable attorney fees to the time of making the offer should be considered in deciding whether plaintiff obtained "a more favorable judgment." The comparison of the offer with the judgment received should be made by comparing the offer of compromise against the sum of the award plus the costs and recoverable attorney fees incurred up to the time of service of the offer. *Hammond v. N.P.R.R. Co.,* 23 Or 157, 162, 31 P 299 (1892). *Cf. Colby v. Larson,* 208 Or 121, 124-27, 297 P2d 1073, *rehearing denied,* 208 Or 121, 299 P2d 1076 (1956); *Equitable Life Assur Soc v. Boothe,* 160 Or 679, 684, 86 P2d 960 (1939).

Here, the offer was $3,000. The plaintiffs' award, after modification by the Court of Appeals, is $2,586.53, plus costs of $165.70 and $2,000 attorney fees. *See* note 9 *infra.* Although the $2,586.53 award includes $316.97 in interest which accrued after the offer was made (interest on $4,131.59 for the period May 3, 1979, to August 12, 1980), the record shows, without contradiction, that at least half of the time spent by plaintiffs' attorneys had been "incurred" before the service of the offer of compromise. (The cost bill also shows a filing fee of $34.10 and sheriff's fees of $44.60.) Allocating half of the $2,000 attorney fee to the period before the offer was made, the total amount of the plaintiffs' judgment, including the award and costs and attorney fees incurred before the service of the offer, exceeded $3,000. The plaintiffs obtained a "more favorable judgment" and were entitled to costs in the trial court.[7]

---

[7] ORCP 68 now sets forth specific procedures to be followed in awarding attorney fees, "regardless of the source of the right to recovery of such fees." ORCP 68C(1). Note the exceptions contained in ORCP 68(C)(1)(a)-(c). ORCP 54E now specifically provides that "[u]nless agreed upon by the parties, costs, disbursements, and attorney fees shall be entered as part of the judgment as provided in Rule 68."

As stated, the plaintiffs have sought review of only the attorney fees and costs issues. The decision of the Court of Appeals is modified by reversing its orders that the plaintiffs are not entitled to receive costs, disbursements and attorney fees in the trial court.[8] Except as so modified, the Court of Appeals opinion is affirmed. As so modified, it is not necessary to remand the case to the trial court for the entry of judgment. Pursuant to the Court of Appeals decision concerning prejudgment interest, plaintiffs are entitled to judgment of $4,586.53, plus their costs in the trial court, $165.70, plus interest on those amounts from the date of the trial court judgment, August 12, 1980.[9]

The judgment of the Court of Appeals is modified in part and affirmed in part. As so modified and affirmed, plaintiffs are entitled to judgment of $4,586.53, plus costs in the trial court, $165.70, all bearing interest from August 12, 1980.

---

[8] After its opinion was rendered, the Court of Appeals awarded attorney fees to the defendants for their services on the appeal. This order is also vacated.

[9] We calculate the respective awards as follows:

| For Plaintiffs | | For Defendants | |
|---|---|---|---|
| Item A | $3,260.00 | Item C | $3,677.19 |
| Item B | 4,121.59 | Item C(1): Interest on C from 7-1-76 to 8-12-80 | 908.16 |
| Item B(1): Interest on B from 7-1-76 to 8-12-80 | 1,020.39 | Item D | 766.76 |
| Attorney fees | 2,000.00 | Item D(1): Interest on D from 7-1-76 to 8-12-80 | 189.36 |
| TOTAL | $10,401.98 | Item E | 220.60 |
| | | Item E(1): Interest on E from 8-1-76 to 8-12-80 | 53.38 |
| | | TOTAL | $5,815.45 |

The plaintiffs are entitled to judgment for the difference between $10,401.98 and $5,815.45, $4,586.43, plus costs in the trial court, $165.70, all bearing interest from August 12, 1980.