NESTELL et al,
*Respondents,*

*v.*
RYTHER,
*Appellant.*

(16-80-11421; CA A25346)

667 P2d 1042

Randall E. Thwing and Thwing and Thwing, Eugene, for petition.

Robert D. Woods and Cass, Scott, Woods & Smith, Eugene, contra.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This matter concerns the recurring question of which party is the "prevailing party" on appeal and is therefore entitled to recover costs and attorney fees. After our decision on the merits, 62 Or App 470, 660 P2d 1098 (1983), respondents filed a cost bill and petition for attorney fees. Appellant objected, because the "costs sheet" which accompanied our opinion in fact named him as the prevailing party. Appellant filed his own cost bill and petition for attorney fees. Respondents countered with a motion to modify the costs sheet to declare them the prevailing parties and to make appellant the party responsible for costs.

Our per curiam opinion states:

"Based upon a concession made by counsel for plaintiffs-respondents at the time of oral argument, the trial court's judgment in favor of plaintiffs in this action for breach of a lease is reduced by $84.98 to the sum of $21,451.96. *See* Or Const, Art VII (Amended), § 3. In all other respects, the judgment is affirmed.

"Judgment for plaintiffs modified to [the] sum of $21,451.96, and affirmed as modified." 62 Or App at 471.

Respondents' concession was not the result of any issue raised on appeal or by this court. It was a forthright admission by counsel at argument that an erroneous mathematical computation was made at trial.

The parties do not dispute that the proper "prevailing party" is entitled to recover costs and attorney fees. The only issue is which party is the prevailing party for the purposes of costs on appeal and entitled to an award of attorney fees on the basis of the agreement of the parties. The prevailing party on appeal entitled to recover costs under ORS 20.310 is not necessarily the party under ORS 20.096 entitled to an attorney fee. *Carlson v. Blumenstein,* 293 Or 494, 500, 651 P2d 710 (1982), states:

"*U.S. National Bank v. Smith,* 292 Or 123, 637 P2d 139 (1981), held that even though a defendant obtained a reduction of a judgment on appeal and was entitled to an award by the appellate court of the *costs* incurred on the appeal, the plaintiff, having obtained a final judgment in its favor was entitled to attorney fees under ORS 20.096." (Emphasis in original.)

On appeal the judgment here was reduced by $84.98. We consider that modification to be so insubstantial that respondents should be designated as the prevailing party, and their cost bill is allowed.

The fee sought to be recovered is reasonable, and respondents are awarded the amount of $3,888.50.

Appellant's petition for attorney fees and his cost bill are denied; respondents' motion to change the designation of the prevailing party and their cost bill in the amount of $183.15 are allowed; respondents' petition for attorney fees is allowed in the amount of $3,888.50.