Argued and submitted November 21, 1983, affirmed as modified March 7, 1984

# ADLER LEATHER SPORTSWEAR
## MFG. CO., INC.,
*Appellant,*

*v.*

# ROBERTS, dba Mr. Roberts
## Men's Shop,
*Respondent.*

### (16-81-04147; CA A27811)

677 P2d 757

Lann D. Leslie, Eugene, argued the cause for appellant. With him on the brief was McGavic & Boyd, P.C., Eugene.

Laurence E. Thorp, Springfield, waived appearance for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this action on an account and for breach of contract, plaintiff appeals that portion of a judgment awarding defendant costs and failing to award it costs. Plaintiff sought recovery in the amount of $3,032.53 plus interest. Defendant's amended answer alleged that plaintiff was only entitled to $1,130.92 plus interest. Before trial, defendant served a formal offer to permit plaintiff to take judgment against him for $1,131 plus interest pursuant to ORCP 54E. Plaintiff refused the offer and was eventually awarded judgment in the amount of $1,130.92 plus interest. The judgment provided in material part:

> "* * * [T]hat Plaintiff have judgment against Defendant in the principal amount of $1,130.92 together with interest thereon at the rate of 9% per annum from February 23, 1980, until paid; and
>
> The Court finding that Defendant is the prevailing party herein,
>
> "IT IS FURTHER ORDERED AND ADJUDGED That Defendant have judgment against Plaintiff for his costs and disbursements in the amount of 114.00."

Plaintiff argues that the court erred in finding that defendant is the "prevailing party" and in awarding him costs and in failing to award plaintiff costs.

■       Plaintiff is the prevailing party, because it is the party in whose favor final judgment was entered. *Carlson v. Blumenstein,* 293 Or 494, 651 P2d 710 (1982). Determining which party has prevailed does not end the inquiry as to which party is entitled to costs. ORCP 54E alters the allocation of costs when an offer of settlement has been rejected. At the time this case was tried, the rule provided:[1]

> "Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to three days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified. If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with

---

[1] ORCP 54E has since been amended. Or Laws 1983, ch 531, § 1.

the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and thereupon judgment shall be given accordingly, as a stipulated judgment. Unless agreed upon by the parties, costs, disbursements, and attorney fees shall be entered as part of such judgment as provided in Rule 68. *If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, disbursements, and attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements from the time of the service of the offer."* (Emphasis supplied.)

If plaintiff failed to obtain a judgment more favorable than the offer, it is entitled only to costs incurred up to the time the offer was made and defendant is entitled to his costs incurred after the offer was made.

Plaintiff argues that it obtained a judgment more favorable than the offer. Citing *Carlson v. Blumenstein, supra,* it argues that in determining whether the judgment was more favorable the court should have compared the amount of the offer with the amount of the judgment plus costs incurred up to the time of the offer. It contends it had incurred costs of $52.50 to the date of the offer, making the total $1,183.42 which is more than the offer of $1,131.

■■ In *Carlson,* the Supreme Court said:

"* * * A 'judgment' normally includes (1) an award of awards of damages and (2) costs and disbursements. In addition, many judgments include an award for attorney fees. Generally, some costs and attorney fees are incurred before a complaint is filed. Thereafter, additional costs and attorney fees may be incurred before the offer of compromise is made. We think it likely that the legislature, in providing for a statutory offer of compromise, intended that costs and recoverable attorney fees to the time of making the offer should be considered in deciding whether plaintiff obtained 'a more favorable judgment.' The comparison of the offer with the judgment received should be made by comparing the offer of compromise against the sum of the award plus the costs and recoverable attorney fees incurred up to the time of service of the offer. * * *" 293 Or at 504.

In *Carlson,* the court was construing ORS 17.055, which preceded ORCP 54E. It compared the judgment plaintiff received plus costs incurred prior to the offer of settlement with the amount of the offer and found that plaintiff had obtained a judgment more favorable than the offer. ORCP 54E, as it read at the time of trial in this case, altered that formulation. Unless agreed upon by the parties, acceptance of the offer to have judgment entered for a certain amount gives the plaintiff the right to seek costs as provided in ORCP 68. In this case, defendant's offer was silent as to costs, and it is clear the offer was to pay the principal amount plus interest. Consequently, if plaintiff had accepted the offer, it would have been entitled to claim an additional amount for its costs. The judgment plaintiff actually obtained should have included an additional amount for its costs incurred up to the date of the offer. The two total amounts would be exactly the same, *i.e.,* the offer plus plaintiff's pre-offer costs of $52.50 is the same as the judgment plus pre-offer costs of $52.50. Plaintiff did not obtain a more favorable judgment, and defendant is entitled to his costs incurred after the offer was made. However, the trial court did err in awarding defendant pre-offer costs and in failing to award them to plaintiff.

There is no dispute as to the amount of costs each party incurred before and after the offer was made. It is unnecessary to remand the case for recalculation of the costs. $18 of defendant's cost bill was for defendant's first appearance fee, which was paid prior to the offer. Plaintiff established pre-offer costs of $52.50. The $18 appearance fee and plaintiff's costs should be deducted from the $114 total costs awarded defendant by the trial court. The judgment for costs is modified to award defendant costs and disbursements in the net amount of $43.50.

Judgment modified to award defendant costs of $43.50; affirmed as modified.