Submitted February 5, 2010, attorney-fee award in the supplemental judgment in Case Number A131132 reversed; otherwise affirmed February 16, 2011

Peggy RYMER,
*Plaintiff-Appellant,*

*v.*

Walter Scott ZWINGLI,
Del Haney, and Steve Sparks,
*Defendants-Respondents.*

THE LIGHT UP COMPANY,
dba A A Maintenance,
an Oregon corporation,
*Plaintiff-Respondent,*

*v.*

Mickey RYMER
and Peggy Rymer,
husband and wife,
*Defendants-Appellants,*

*and*

UMPQUA HOLDINGS CORP.,
and its primary subsidiary Umpqua Bank,
an Oregon corporation,
*Defendants.*

Washington County Circuit Court
C052168CV, C044437CV;
A131131 (Control), A131132

247 P3d 1246

Mickey Rymer and Peggy Rymer filed the briefs for appellants *pro se*.

Geoffrey B. Silverman filed the brief for respondents.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

In this consolidated appeal, the Rymers appeal a general and supplemental judgment in a lien foreclosure and contract case (the contract case) and a supplemental judgment in an Unlawful Trade Practices Act (UTPA) case (the UTPA case) in favor of The Light Up Company (Light Up), raising a total of four assignments of error.[1] First, they contend that the trial court erred in foreclosing Light Up's construction lien against a surety bond rather than against the Rymers' real property because they had not provided Light Up with notice of the surety bond, as required by ORS 87.078(1). We reject that assignment without discussion. Second, they contend that the court erred in awarding Light Up its attorney fees in the supplemental judgment in the contract case because Light Up failed to make written demand for payment 10 days before commencement of the action, as required by ORS 20.082(3) (2007).[2] We do not address that issue because the Rymers' third assignment of error—in which the Rymers contend that the court erred in awarding Light Up its attorney fees in the contract case because its pleadings failed to comply with ORCP 68 C(2)(a)—is dispositive. We agree with the Rymers and, accordingly, reverse the attorney-fee award in that case. Fourth, the Rymers contend that the court erred in awarding Light Up its attorney fees in the supplemental judgment in the UTPA case because its pleadings failed to comply with ORCP 68 C(2)(a). We

---

[1] As we describe below, Peggy and Mickey Rymer entered into a contract with Light Up. That agreement forms the basis of two separate actions that were consolidated for trial: (1) an action alleging claims related to breach of the agreement, in which Light Up is the plaintiff and Peggy and Mickey Rymer are the defendants, *i.e.*, the contract case; and (2) an action alleging various claims, including violations of the UTPA, in which Peggy Rymer is the plaintiff and the owner of Light Up and two of the company's employees are the defendants, *i.e.*, the UTPA case.

The distinction between plaintiffs and defendants in the consolidated action has no bearing on our resolution of this case. Therefore, for simplicity, we refer to Peggy and Mickey Rymer, individually and collectively, as "the Rymers" and Light Up and the defendants in the UTPA case, individually and collectively, as "Light Up" throughout this opinion.

[2] The legislature amended ORS 20.082 in 2009. Or Laws 2009, ch 487, § 5. The amended statute does not apply to actions on contracts filed before January 1, 2010. Or Laws 2009, ch 487, § 6. This case was filed on December 23, 2004, and, therefore, the amendments do not apply. Accordingly, all references to ORS 20.082 are to the 2007 version.

disagree with the Rymers and, accordingly, affirm the supplemental judgment in that case.

We state the relevant uncontroverted facts from the record for context. The Rymers entered into a contract with Light Up to perform construction-related services to investigate for and remediate mold in their home. Light Up provided the Rymers with a written estimate of the work, which included an attorney-fee provision on the back of the estimate. After Light Up finished the work, the Rymers refused to pay for and disputed Light Up's services. Light Up then sued the Rymers under various legal theories in the contract case to recover its damages from the lack of payment. The jury returned a verdict for Light Up on its breach of contract claim, and the court found in favor of Light Up on its lien foreclosure claim.

While that action was pending, the Rymers filed a separate action against Light Up alleging, among other things, violations of the UTPA. The trial court granted Light Up's motion for a directed verdict on the claims in the UTPA case and concluded that Light Up was the prevailing party in the case.

After the trial court entered the general judgment in the contract case, Light Up sought its attorney fees in that case under ORS 20.082. After the court entered the general judgment in the UTPA case, Light Up sought its attorney fees under ORS 646A.286(3) and ORS 646.638(3) (2007)[3] in that case for successfully defending against the Rymers' UTPA claims. The Rymers objected to an award of fees in both cases, arguing, most importantly for this appeal, that Light Up had failed to satisfy ORCP 68 C(2)(a) because it had not alleged the basis for the award in its pleadings in either case. After a hearing, the court concluded that Light Up's pleadings satisfied ORCP 68 C(2)(a) in both cases, and it entered supplemental judgments awarding Light Up its attorney fees and other costs.[4]

_____

[3] The legislature amended ORS 646.638(3) in 2009. Or Laws 2009, ch 327, § 1. Although the amendments to the statute were substantive, all pertinent events in this case occurred before the effective date of the amendment, January 1, 2010. ORS 171.022. Accordingly, we apply the 2007 version of ORS 646.638(3), and all references to the statute are to that version.

[4] Specifically, the court found that Light Up's "pleadings included a basis for the award of attorney fees and costs under ORS 20.082." Although that conclusion

On appeal, the Rymers renew their objection to the court's award of attorney fees, and we discuss each case in turn.

In response to the Rymers' third assignment of error concerning the contract case, Light Up concedes that it failed to specify in its pleadings the statute under which it sought fees, *viz.*, ORS 20.082, but it nonetheless argues that, because it alleged facts in its second amended complaint, which, if proved, would entitle it to an award of attorney fees under ORS 20.082, it still satisfied ORCP 68 C(2)(a). For the reasons that follow, we conclude that the allegations in the second amended complaint do not satisfy ORCP 68 C(2)(a).

■■ We review a trial court's allowance or denial of attorney fees for legal error. *Cramblit v. Diamond B Constructors*, 197 Or App 358, 370, 105 P3d 906 (2005). ORCP 68 C(2)(a) provides:

> "A party seeking attorney fees shall allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."

The requirement imposed by ORCP 68 C(2)(a) for an award of attorney fees is mandatory. *Mulier v. Johnson*, 332 Or 344, 350, 29 P3d 1104 (2001). However, the party seeking fees does not need to allege the statutory basis for an award when the facts alleged in the party's pleadings would provide the basis for such an award, the parties in the case have "fairly been alerted that attorney fees would be sought, and no prejudice would result." *Page and Page*, 103 Or App 431, 434, 797 P2d 408 (1990). To determine if the principle in *Page* is satisfied, we have adopted an analytic framework in which "the threshold inquiry is whether the pleading [at issue] adequately alleged the facts that provide the basis for the fee entitlement." *Bruce v. Cascade Collections, Inc.*, 199 Or App

suggests that the court awarded fees in both cases pursuant to ORS 20.082, the awards were in separate supplemental judgments for different amounts, reflecting the attorney fees incurred in each case. Consequently, we understand the court to have awarded attorney fees to Light Up on the distinct bases—ORS 20.082 and a combination of ORS 646A.286(3) and ORS 646.638(3)—at issue in each case.

59, 66, 110 P3d 587, *rev den*, 339 Or 66 (2005). Unless that prerequisite is met, we do not reach the second inquiry: *viz.*, whether the parties in the action have received sufficient notice that attorney fees were being sought. *Id.*

■ ■ The allegations of fact must clearly relate to the source of the attorney-fee entitlement, whether the source is a statutory or contractual provision. If the source is a statute, the allegations must include all facts that must be proved to meet the statutory criteria for an award. For example, in *Hogue and Hogue*, 118 Or App 89, 846 P2d 422 (1993), we applied ORCP 68 C(2)(a) to a trial court's award of attorney fees to the wife in a contempt proceeding. The wife's motion to hold the husband in contempt stated facts that showed that the husband was in contempt for failing to comply with the terms of the dissolution judgment and requested attorney fees. The trial court awarded the wife her attorney fees under ORS 107.445 (1991) even though her motion did not specify that that statute was the basis for her entitlement to an award. ORS 107.445 (1991) provided courts with discretion to award attorney fees "in any contempt proceeding brought to compel compliance with any order or decree in any suit for marital annulment, dissolution or separation[.]" We concluded that the wife's dispositive motion satisfied ORCP 68 C(2)(a), and, therefore, the trial court had not erred, because the facts in the wife's motion identified the criteria that had to be met to support an award of attorney fees under ORS 107.445 (1991). *See Hogue*, 118 Or App at 91-92.

Similarly, in *Attaway, Inc. v. Saffer*, 95 Or App 481, 770 P2d 596, *rev dismissed*, 308 Or 184 (1989), the plaintiff challenged the trial court's award of attorney fees to the defendant under ORS 20.105 (1987), arguing that the defendant had not satisfied ORCP 68 C(2)(a). Because the court granted the plaintiff's motion to voluntarily dismiss the case before the defendant had had the opportunity to file a responsive pleading, we looked to the facts asserted in the defendant's attorney-fee statement to determine if the defendant's motion provided a basis for an award of attorney fees under ORS 20.105 (1987). The defendant asserted in his statement that he was entitled to his attorney fees because he was the prevailing party and the plaintiff had acted in bad faith and solely for oppressive reasons in filing the action. ORS 20.105

(1987) provided courts with discretion to award attorney fees to the prevailing party in any civil action "upon a finding by the court that the [nonprevailing] party willfully * * * acted in bad faith, wantonly or solely for oppressive reasons." We concluded that the factual assertions in the defendant's statement satisfied ORCP 68 C(2)(a) because they had identified all the conditions that had to be met to support an award of attorney fees under ORS 20.105 (1987), and, therefore, the trial court had not erred in awarding him his attorney fees. *See Attaway*, 95 Or App at 484-85.

■        Here, because Light Up failed to specify the statutory basis for its requested award for attorney fees—putting it in the same position as the parties that had sought fees in *Hague* and *Attaway*—the critical issue is whether the allegations in Light Up's second amended complaint identify all of the facts that must be established to entitle it to an award of attorney fees under ORS 20.082.[5] Light Up's relevant allegations were:

> "[A]t least 10 days prior to filing this complaint, [Light Up] mailed * * * notice to the Rymers stating that * * * unless the lien claims were paid within 10 days of the notice, [Light Up] would commence suit[.]

> "* * * * *

> "[T]he Rymers entered into an oral contract with [Light Up] to perform certain remediation services for areas of identified mold * * * [and] in exchange the Rymers would pay for the time, materials, and equipment as outlined in the [attached] estimate * * *.

> "In consideration of the [Rymers'] promise to pay all associated costs of the remediation as outlined in the

---

[5] ORS 20.082 provides, in relevant part:

"(2) Except as provided in this section, a court shall allow reasonable attorney fees to the prevailing party on any claim based on contract if:

"(a) The amount of the principal together with interest due on the contract at the time the claim is filed is $5,500 or less; and

"(b) The contract does not contain a clause that authorizes or requires the award of attorney fees.

"(3) Attorney fees may not be awarded to a plaintiff under the provisions of this section unless written demand for payment of the claim was made on the defendant not less than 10 days before the commencement of the action[.]"

estimate, including labor, materials, and equipment, [Light Up] agreed to perform the services requested.

"At all times material, [Light Up] has fully performed all the terms and conditions of said agreement.

"The Rymers have failed and refused to perform said agreement by not paying [Light Up] for the services rendered.

"As a direct cause of the Rymers' breach of contract, [Light Up] has suffered damages currently estimated to be in the amount of $2,478.18 plus consequential damages in the amount of approximately $2,000.00."

Further, in Light Up's prayer for relief, it requested an award of its attorney fees on its breach of contract claim.

The text of the statute identifies the facts that must be established for attorney fees to be awarded under it: (1) a claim based on contract, (2) a request for an award of $5,500 or less as damages, (3) an absence of an attorney-fee provision in the contract at issue, and (4) a written demand for payment by the plaintiff 10 days or more before the complaint was filed. Light Up's allegations address all of those facts save one: an absence of an attorney-fee provision in the alleged contract on which its breach of contract claim is based. If anything, the allegations suggest just the opposite— that the parties to the contract may have understood the terms of the contract, located on the back side of the written estimate attached to the pleading, to authorize an award of attorney fees in the action, thereby foreclosing an entitlement to attorney fees under ORS 20.082. At the least, the allegations do not address the absence of an attorney-fee provision in the underlying agreement, which is a fact that must be proved to entitle Light Up to an award under the statute.

Light Up's second amended complaint does not adequately allege the facts that provide the basis for an attorney-fee award under ORS 20.082. Accordingly, Light Up did not satisfy ORCP 68 C(2)(a) in the contract case and, therefore, is not entitled to an award of attorney fees in that case.[6]

---

[6] Light Up argues that the Rymers had notice of its intent to seek attorney fees under ORS 20.082 because it identified that statute as the source of its entitlement to attorney fees in its memorandum accompanying its motion for summary judgment, in its trial brief, and in its correspondence with the Rymers. That argument

■ ■    We turn to the Rymers' fourth assignment of error concerning the UTPA case, *viz.*, that Light Up's pleadings in the UTPA case did not satisfy ORCP 68 C(2)(a). Those pleadings present a markedly different analysis from that in the third assignment of error discussed above. A defendant who includes a bare assertion of an entitlement to attorney fees in a pleading when defending against a claim in which the allegations of fact in the plaintiff's pleading satisfy ORCP 68 C(2)(a) has adequately alerted the plaintiff that the defendant is seeking fees on the same basis as the plaintiff, and, therefore, the defendant's pleading satisfies ORCP 68 C(2)(a). *See Swartsley v. Cal-Western Reconveyance Corp.*, 212 Or App 365, 370, 157 P3d 1260 (2007) (applying principle in a case in which the defendant argued a contractual entitlement to attorney fees). For example, in *Little Whale Cove Homeowners Assoc. v. Harmon*, 162 Or App 332, 342, 986 P2d 616 (1999), the plaintiff's pleading alleged an entitlement to attorney fees under the terms of the parties' contract, and the defendants sought attorney fees in the prayer of their pleading for defending against the contract claim. We concluded that ORCP 68 C(2)(a) had been satisfied in that case.

Here, the Rymers specifically alleged in their complaint an entitlement to attorney fees under ORS 646A.286(3) and ORS 646.638(3) if they prevailed in the action. In the prayer in Light Up's amended answer, Light Up requested an award of attorney fees for defending against the Rymers' claims. Therefore, as a result of the Rymers' allegations of the specific statutes that provide a basis for an award of attorney fees in the case, Light Up satisfied ORCP 68 C(2)(a) even though it did not specify the statutory basis for the award in its own pleading. Accordingly, the trial court did not err in awarding Light Up its attorney fees as the prevailing party in the UTPA case.

Attorney-fee award in the supplemental judgment in Case Number A131132 reversed; otherwise affirmed.

---

is foreclosed under the framework that we adopted in *Page* because Light Up failed to adequately allege facts *in its pleadings* that provide a basis for its entitlement to an award under the statute, and, therefore, the initial *Page* inquiry is not satisfied.