Argued and submitted August 29, 2019, reversed January 8, 2020

INTERNATIONAL ASSOCIATION OF
MACHINISTS, WOODWORKERS LOCAL W-246,
an Oregon corporation,
*Plaintiff-Respondent,*

*v.*

John HEIL
and Beverly Heil, husband and wife,
*Defendants-Appellants,*

*and*

ALL OCCUPANTS OR INHABITANTS OF
THE REAL PROPERTY LOCATED AT
2203 5TH STREET, TILLAMOOK, OREGON
TELEPHONE: UNKNOWN,
*Defendants.*

Tillamook County Circuit Court
14LT00553; A166909

457 P3d 357

Defendants appeal a supplemental judgment awarding attorney fees to plaintiff. Defendants objected in the trial court to plaintiff's fee petition, arguing that plaintiff had failed to allege a sufficient basis for fees in its complaint under ORCP 68 C(2)(a). Plaintiff then filed a motion to amend its complaint. The court concluded that plaintiff's initial complaint had sufficiently alleged a basis for fees under ORCP 68 C(2)(a). The court then denied plaintiff's motion to amend as moot. Defendants assign error to the trial court's fee award. Defendants argue that plaintiff had not properly alleged a basis for attorney fees in its complaint. Plaintiff responds that its complaint alleged facts that would be sufficient to satisfy the requirements of ORCP 68 C(2)(a). In the alternative, plaintiff argues that any deficiency in its complaint should be disregarded under ORCP 12 B because plaintiff had attempted to amend its complaint to comply with the textual requirements of ORCP 68 C. *Held*: The trial court erred in awarding fees. Plaintiff's complaint did not allege a statutory or contractual basis for attorney fees, nor did it allege facts that would provide a basis for fees. Plaintiff's argument in the alternative fails because plaintiff's attempt to amend its complaint was not an "error" or "defect" in the pleading under ORCP 12 B.

Reversed.

Jonathan R. Hill, Judge.

Harry D. Ainsworth argued the cause and filed the brief for appellants.

William H. Sherlock argued the cause for respondent. Also on the brief was Hutchinson Cox.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

SHORR, J.

Reversed.

**SHORR, J.**

Defendants appeal from a supplemental judgment awarding costs and attorney fees to plaintiff. Defendants assign error to the trial court's ruling that the facts alleged in plaintiff's complaint were sufficient to provide a basis for an award of attorney fees under ORCP 68 C. For the reasons that follow, we conclude that the court erred by awarding attorney fees because plaintiff's pleadings did not "allege the facts, statute, or rule that provides a basis for the award of fees," as required by ORCP 68 C(2)(a). Accordingly, we reverse the award of attorney fees in the supplemental judgment.

This case has a long and complicated procedural history, and we state only the following relevant, uncontested facts. The parties entered into a land sale contract for certain real property owned by plaintiff. Defendants failed to make payments pursuant to the contract's terms, leading plaintiff to ultimately file an eviction complaint against defendants. The only facts pleaded in the complaint were as follows:

"1.   Defendants are in possession of a dwelling unit, premises and real property described above ***.

"2.   Plaintiff is entitled to possession of the premises because:

"It has fully complied with the requirements set forth in ORS 93.915 and ORS 93.930 and, having recorded the Affidavit of Forfeiture with Tillamook County Deeds and Records, are not required to provide additional notice to Defendants, who are deemed tenants at sufferance [as] a matter of law, and may be removed from possession pursuant to ORS 105.105 to ORS 105.168.

"3.   Defendants are unlawfully holding the premises with force.

"4.   Wherefore, Plaintiff prays for possession of the premises, costs and disbursements *and attorney fees, if applicable.*"

(Emphasis added.)

A trial was scheduled, but the trial was cancelled when the parties reached a settlement agreement ahead of the trial date. Among other things, the settlement agreement

provided that, if defendants failed to pay plaintiff the full purchase price within 90 days, defendants would voluntarily vacate the premises and have judgment entered against them in this case. The settlement also included the following provision for attorney fees and costs:

"6.    Attorney Fees and Costs. Should any of the parties successfully prosecute or defend any action, claim for relief or any other proceeding relating to any of the rights, duties or obligations arising under this Agreement, that party shall be entitled to recover the reasonable value of its attorney fees, paralegal fees, costs, disbursements and other expenses, including, without limitation, fees and costs arising before and at any trial, arbitration, mediation, or bankruptcy proceeding and any appeal thereof."

Ultimately, defendants failed to make the payments pursuant to the settlement agreement. In a separate case (the breach of contract case), plaintiff filed a claim for breach of contract based on defendants' nonpayment and alleged breach of the settlement agreement.[1] Plaintiff initially sought at least some of its attorney fees for this case as economic damages in that case.

Around the same time, a hearing was held in this case. At that hearing, the parties put the settlement on the record. The trial court subsequently entered a general judgment against defendants, in which the court found that defendants had failed to make the agreed-upon payments and that plaintiff was entitled to possession of the premises plus costs. The general judgment recited some of the terms of the settlement agreement, but it neither mentioned the attorney fee provision nor awarded attorney fees.[2]

Plaintiff then filed a statement of attorney fees "per ORCP 68," seeking $29,219.30 in attorney fees plus other

_____

[1] In that breach of contract case, *International Association of Machinists, Woodworkers Local W-246 v. Heil* (Tillamook County Circuit Court Case No. 15CV04458; Court of Appeals Case No. A164772), plaintiff sought damages and costs related to defendants' breach of the settlement agreement, their subsequent failure to return possession of the property to plaintiff, and their "frivolous" appeal in this case. That case was litigated separately from the case at hand and is the subject of a related appeal.

[2] Defendants appealed that judgment, and we affirmed without opinion. *See International Association of Machinists, Woodworkers Local W-1 v. Heil*, 277 Or App 783, 376 P3d 306 (2016), *rev den*, 361 Or 350 (2017).

costs and expenses. In its statement of fees, plaintiff alleged that the basis for those fees was "pursuant to paragraph 6 of the Parties' Settlement Agreement[.]" Defendants objected, and a hearing was held. At that hearing, defendants argued that plaintiff was not entitled to fees because the basis for fees was not alleged in a pleading, as required by ORCP 68 C(2)(a). Defendants contended that the settlement agreement could not provide the legal basis for an attorney fee award, because the settlement agreement did not exist and had not been contemplated at the time the original complaint was filed, and plaintiff had filed no amended pleading. Therefore, defendants argued, plaintiff's request for attorney fees should be denied because the pleading requirements of ORCP 68 C(2) had not been met.

In response, plaintiff argued that it had met the pleading requirement of ORCP 68 C. Plaintiff asserted that the complaint included an assertion of an entitlement to attorney fees, and the settlement agreement that formed the basis for a fee award had been "subsumed" into this case when the parties executed the settlement agreement and put it on the record at an earlier hearing. Plaintiff also argued that defendants had suffered no prejudice from any alleged insufficiency of the pleadings because defendants knew that plaintiff would seek fees, based on both the complaint and the terms of the settlement agreement. Under those circumstances, plaintiff argued, the pleadings requirements of ORCP 68 C had been met. The court declined to rule on the issue at that hearing and set a later hearing so that the parties could develop their arguments in writing.

Defendants then filed a memorandum in which, in addition to the arguments raised at the hearing, defendants contended that the trial court could not properly permit plaintiff to amend or supplement its pleadings under ORCP 23. Plaintiff filed a response, and, in addition to reiterating its arguments raised at the hearing, plaintiff moved to file an amended complaint under ORCP 23 B[3] to plead the settlement agreement as the basis for its attorney fees claim.

---

[3] ORCP 23 B provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be

Another hearing was held, in which the trial court heard further argument on defendants' objection to plaintiff's request for attorney fees. Plaintiff again acknowledged that the specific basis for fees was not alleged in its complaint but stated that the parties had "implicitly tried that matter—when the settlement agreement was brought to the floor," and that the court should permit plaintiff to amend its complaint pursuant to ORCP 23 B. Plaintiff also argued that it would be a "gross injustice" to disallow the amendment because, plaintiff argued, the parties and the court had agreed in the breach of contract case that attorney fees for this case should be sought through the ordinary ORCP 68 process in this case. Defendants argued that, at that hearing in the breach of contract case, they had expressly reserved their right to object to any attorney fee petition filed in this case.

The trial court initially granted plaintiff's motion to amend its complaint and entered an order reflecting that ruling. Plaintiff subsequently filed an amended complaint alleging a right to attorney fees pursuant to the parties' settlement agreement. Defendants then filed a motion to strike plaintiff's amended complaint, arguing that the court lacked jurisdiction to allow the amended complaint. Accordingly, defendants asserted, the trial court's order granting plaintiff leave to amend its complaint and plaintiff's amended complaint itself were both void.

Another hearing was held on defendants' motion to strike. The parties raised various arguments related to the trial court's authority to allow plaintiff to amend its complaint under ORCP 23. After hearing argument, the court rescinded its earlier ruling granting plaintiff's motion to amend and stated that it would reconsider the parties' arguments and issue a written ruling.

---

necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining an action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

In a subsequent letter opinion, the trial court denied plaintiff's motion to amend and awarded attorney fees to plaintiff. The court reasoned that, although it could have allowed plaintiff's motion to amend, it was not necessary to do so because plaintiff's claim for attorney fees was properly pleaded under ORCP 68 C. The court explained:

"Based on the holding in *Htaike v. Sein*[, 269 Or App 284, 344 P3d 527, *rev den*, 357 Or 595 (2015),] the Court could properly allow the amended complaint. However, the issue to be resolved prior to allowing the amended complaint is if the issue of attorney fees is already alleged.

"* * * * *

"Based on *Rymer v. Zwingli*[, 240 Or App 687, 247 P3d 1246, *rev den*, 350 Or 716 (2011)], the Court finds that attorney fees were alleged properly under ORCP 68 C(2)(a) and that the parties entry into the settlement agreement clearly put both parties on notice [that] attorney fees would be sought."

The court quoted from our opinion in *Rymer*, in which we observed that

"[a] defendant who includes a bare assertion of an entitlement to attorney fees in a pleading when defending against a claim in which the allegations of fact in the plaintiff's pleading satisfy ORCP 68 C(2)(a) has adequately alerted the plaintiff that the defendant is seeking fees on the same basis as the plaintiff, and, therefore, the defendant's pleading satisfies ORCP 68 C(2)(a)."

240 Or App at 695. The court entered a supplemental judgment awarding plaintiff $20,831.80 in attorney fees for fees incurred after the parties entered into the settlement agreement.

Defendants now appeal from that supplemental judgment, raising a single assignment of error: that the trial court erred in awarding attorney fees under ORCP 68 C, because plaintiff's complaint had not sufficiently alleged that the basis for attorney fees was the parties' settlement agreement. We review for legal error. *Makarios-Oregon, LLC v. Ross Dress-for-Less, Inc.*, 293 Or App 732, 739, 430

P3d 142, *adh'd to as modified on recons*, 295 Or App 449, 430 P3d 1125 (2018) ("Whether a party is entitled to attorney fees presents a question of law[.]").

Defendants argue, as they did below, that plaintiff failed to comply with ORCP 68 C and that that failure precludes plaintiff's recovery of attorney fees. Plaintiff concedes that it did not allege the statutory or contractual basis for attorney fees, however plaintiff contends that it alleged facts in its complaint sufficient to satisfy ORCP 68 C. Specifically, plaintiff asserts that its complaint alleged that defendants wrongfully withheld the property. Plaintiff argues that, because defendants' wrongful withholding led to the parties' settlement agreement and because the settlement agreement was the basis for the award of attorney fees at issue here, by alleging defendants' wrongful withholding, plaintiff pleaded facts sufficient to put defendants on notice that it would be seeking fees pursuant to the settlement agreement. Plaintiff also argues that defendants were not prejudiced by any insufficiency in the complaint because defendants were aware that plaintiff would be seeking fees on that basis. Alternatively, plaintiff argues that we should disregard any error or defect in its complaint under ORCP 12 B because, plaintiff argues, it attempted to amend the complaint to comply with the textual requirements of ORCP 68 C. As discussed below, we disagree and conclude that plaintiff did not properly allege a basis for fees under ORCP 68 C.

ORCP 68 C provides, in part, that

"[a] party seeking attorney fees shall allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover fees accrues. *No attorney fees shall be awarded unless a right to recover fees is alleged as provided in this paragraph or in paragraph C(2)(b) of this rule.*"[4]

ORCP 68 C(2)(a) (emphasis added). The pleading requirement is mandatory. *Mulier v. Johnson*, 332 Or 344, 350, 29

---

[4] ORCP 68 C(2)(b) permits a party to allege a right to attorney fees in a motion or response to a motion if the party does not file a pleading. Here, because plaintiff filed a pleading, that subsection is not relevant.

P3d 1104 (2001). A party seeking an award of attorney fees must either allege the statutory or contractual basis for attorney fees or the party must plead facts that would provide the basis for such an award, such that the parties have "fairly been alerted that attorney fees would be sought and no prejudice would result." *Page and Page*, 103 Or App 431, 434, 797 P2d 408 (1990). Because plaintiff concedes that it did not allege the statutory or contractual basis for attorney fees, the only question for us to resolve is whether plaintiff pleaded facts in its complaint that would provide a basis for attorney fees.

In resolving that question,

"the threshold inquiry is whether the pleading at issue adequately alleged the facts that provide the basis for the fee entitlement. Unless that prerequisite is met, we do not reach the secondary inquiry: *viz.*, whether the parties in the action have received sufficient notice that attorney fees were being sought.

"The allegations of fact must clearly relate to the source of the attorney-fee entitlement, whether the source is a statutory or contractual provision."

*Rymer*, 240 Or App at 691-92 (brackets, citations, and internal quotation marks omitted). ORCP 68 C(2)(a) "is not satisfied where a pleading includes a request for attorney fees but does not disclose any discernible source for such an entitlement." *Swartsley v. Cal-Western Reconveyance Corp.*, 212 Or App 365, 370, 157 P3d 1260 (2007) (citing *Nguyen v. McGraw*, 210 Or App 192, 194, 149 P3d 1273 (2006)).

Here, plaintiff's complaint included a bare assertion to a right to attorney fees, but it alleged no facts identifying the parties' settlement agreement as the basis for those fees. Indeed, at the time the complaint was filed, there was no settlement agreement. We have held that a trial court lacked authority to award attorney fees under ORCP 68 C(2) under similar circumstances involving no discernible source for an entitlement to fees. *Swartsley*, 212 Or App at 372 (holding that the defendant's answer, in which the prayer sought attorney fees but did not indicate that a trust deed served as the basis for the entitlement to attorney fees, was

insufficient); *Nguyen*, 210 Or App at 196-97 (holding same where the prayer in an answer in a contempt proceeding requested attorney fees but there was no basis for the fees alleged in the answer).

The trial court relied on our decision in *Rymer* to conclude that plaintiff had sufficiently pleaded facts alerting defendants to its intention to seek attorney fees pursuant to the parties' settlement agreement. The court's reliance on that case was misplaced. *Rymer* involved two consolidated cases, one for breach of contract (the contract case) and one for violations of the Unlawful Trade Practices Act (the UTPA case). 240 Or App at 689. The contract case was tried in part to a jury, which returned a verdict for the defendant;[5] the UTPA case was resolved when the trial court granted a directed verdict to the defendant. The defendant sought attorney fees in both cases, which the court awarded, and the plaintiff appealed. In the contract case, we held that, because the defendant's pleadings did not allege facts that, if proved, would satisfy all of the statutory elements for an attorney fee award under ORS 20.082, its pleading did not satisfy ORCP 68 C. Conversely, in the UTPA case, the defendant's answer included a prayer for attorney fees "for defending against the [plaintiff's] claims." *Id.* at 695. We applied the following rule, which the trial court here quoted in its opinion:

> "A defendant who includes a bare assertion of an entitle-ment to attorney fees in a pleading when defending against a claim in which the allegations of fact in the plaintiff's pleading satisfy ORCP 68 C(2)(a) has adequately alerted the plaintiff that the defendant is seeking fees on the same basis as the plaintiff, and, therefore, the defendant's plead-ing satisfies ORCP 68 C(2)(a)."

*Id.* Because the plaintiff's complaint alleged a right to attor-ney fees based on specific provisions of the UTPA, we held that the defendant's pleading satisfied ORCP 68 C, even though the defendant had not alleged a specific statutory basis for the fee award in its own pleading. *Id.* We noted that the analysis was "markedly different" in that circumstance,

---

[5] At least one claim was decided by the court, which also found in favor of the defendant.

where the defendant was responding to a complaint that alleged a source for attorney fees, than in the contract case, in which the plaintiff alleged no discernible source for fees in its complaint. *But cf. Bridgestar Capital Corp. v. Nguyen*, 290 Or App 204, 210, 415 P3d 1095 (2018) (noting that a prevailing party's "complete failure" to comply with the textual requirements of ORCP 68 C(2), including the failure to "assert any right at all to fees," cannot be excused by the fact that the opposing party's pleadings would have alerted the opposing party of the prevailing party's intent to seek attorney fees).

Here, plaintiff's complaint included a bare assertion of entitlement to attorney fees, as had the defendant's answer in *Rymer*. Unlike the defendant's pleading in *Rymer*, however, plaintiff's complaint was not responsive to any pleading from defendants and would not have alerted defendants that plaintiff was seeking fees on any particular basis. The trial court's reliance on *Rymer* is therefore inapposite.[6]

Plaintiff alleged no facts in its complaint that would permit a conclusion that plaintiff had a right to attorney fees based on the parties' settlement agreement, which is plaintiff's claimed source of entitlement to attorney fees. The only facts that plaintiff alleged in its complaint are that (1) defendants are in possession of the subject premises, (2) plaintiff is entitled to possession of the premises, because it has met the requirements of ORS 93.915 and ORS 93.930, and (3) defendants are withholding the premises by force. None of those facts relate to a contractual basis for an entitlement to attorney fees pursuant to the parties' settlement agreement. The trial court erred in concluding otherwise.

We briefly address plaintiff's alternative argument regarding ORCP 12 B.

"We have recognized that the stringent requirements of ORCP 68 C(2)(a) may be 'tempered by ORCP 12 B, which

---

[6] To the extent that the trial court concluded that the ORCP 68 C pleading requirement was satisfied if no prejudice had resulted from plaintiff's failure to plead the basis for fees, that conclusion was in error. As we explained in *Rymer*, we do not reach the issue of whether defendants received sufficient notice of plaintiff's intention to seek attorney fees unless the pleading at issue adequately alleged the facts that provide the basis for the fee entitlement. 240 Or App at 691-92.

directs the court to "disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."' *Lumbermen's v. Dakota Ventures*, 157 Or App 370, 375, 971 P2d 430 (1998). However, ORCP 12 B does not operate to excuse a party from failing to provide adequate notice to an adverse party of the basis for an award of fees. *Id.*"

*Nguyen*, 210 Or App at 195-96. Plaintiff contends that it is entitled to the benefit of ORCP 12 B, because it attempted to amend its pleadings to comply with ORCP 68 C. On that basis, plaintiff distinguishes this case from *Bridgestar*, in which we reversed an award of attorney fees because the prevailing party had entirely failed to "assert any right at all to fees." 290 Or App at 211. Although we agree with plaintiff that its bare assertion of an entitlement to attorney fees in the prayer of its complaint distinguishes this case from *Bridgestar*, plaintiff has presented no authority supporting its assertion that an attempt to amend a complaint may properly be considered an "error" or "defect" in the pleadings under ORCP 12 B. We express no opinion on the issue of whether the trial court would have had authority to allow plaintiff to amend its complaint, which is not an issue that is properly before us.[7]

For the reasons stated above, we reverse the supplemental judgment awarding fees.

Reversed.

---

[7] On appeal, plaintiff does not cross-assign error to the trial court's ultimate denial of plaintiff's motion to amend.