Argued and submitted November 16, 2018; supplemental judgment for attorney fees reversed and remanded as to defendant Jon Heil, otherwise affirmed February 26, 2020

INTERNATIONAL ASSOCIATION OF
MACHINIST, WOODWORKERS LOCAL W-246,
an Oregon corporation,
*Plaintiff-Respondent,*

*v.*

Jon HEIL
and Beverly Heil,
husband and wife,
*Defendants-Appellants.*

Tillamook County Circuit Court
15CV04458; A164772

461 P3d 1035

Plaintiff prevailed in a breach of contract claim, and the trial court awarded $6,801 in damages. Plaintiff then sought attorney fees. Defendants objected to plaintiff's fee petition, raising unique arguments as to each defendant. As to defendant Jon Heil, defendants argued that plaintiff failed to recover a more favorable judgment than Jon Heil's $7,800 offer of judgment pursuant to ORCP 54 E. As to defendant Beverly Heil, defendants argued that her $2,600 offer of judgment, while not exceeding plaintiff's ultimate damages award, exceeded those damages that plaintiff could have recovered at the time the offer was made. The trial court denied defendants' objections and entered a supplemental judgment in favor of plaintiff for attorney fees and costs. In determining that plaintiff's judgment exceeded defendant Jon Heil's offer of judgment, the court compared the $7,800 offer to plaintiff's $6,801 damages award plus $1,400.10 in fees and costs that the parties agreed plaintiff had incurred at the time of the offer. Defendants now appeal the supplemental judgment awarding attorney fees. *Held*: The trial court erred in concluding that plaintiff obtained a more favorable judgment than defendant Jon Heil's offer, but the court did not err in concluding that plaintiff obtained a more favorable judgment than Beverly Heil's offer. In this case, when determining whether plaintiff recovered a more favorable judgment than the offer of judgment, the proper comparison under ORCP 54 E was between the offer, which here included the right to pursue recoverable attorney fees and costs incurred up to the time of service of the offer, and the judgment, which included the sum of the damages award plus those same fees and costs. As to defendant Beverly Heil, plaintiff's judgment clearly exceeded her $2,600 offer. Plaintiff did not obtain a more favorable judgment than defendant Jon Heil's offer but did obtain a more favorable judgment than Beverly Heil's offer.

Supplemental judgment for attorney fees reversed and remanded as to defendant Jon Heil; otherwise affirmed.

Jonathan R. Hill, Judge.

Harry D. Ainsworth argued the cause and filed the brief for appellants.

William H. Sherlock argued the cause for respondent. Also on the brief was Hutchinson Cox.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

SHORR, J.

Supplemental judgment for attorney fees reversed and remanded as to defendant Jon Heil; otherwise affirmed.

**SHORR, J.**

This is the second opinion relating to attorney fees involving plaintiff and defendants.[1] Plaintiff filed a petition for an award of attorney fees after its successful claim for breach of contract. Defendants objected to plaintiff's petition for fees, arguing that defendant Jon Heil's ORCP 54 E pretrial offer of judgment exceeded plaintiff's ultimate judgment and that, accordingly, plaintiff was entitled only to the fees and costs that it had incurred prior to the offer and not those incurred through the entire litigation.[2] The court compared Jon Heil's $7,800 offer of judgment, which neither expressly included nor excluded attorney fees or costs, to plaintiff's ultimate damage award of $6,801 *plus* the $1,400.10 in attorney fees and costs that plaintiff had incurred up to the time of the offer. In other words, the court did not include attorney fees and costs in determining Jon Heil's offer of judgment at the start of its calculation but did include them in the judgment at the end of its calculation. Comparing those two numbers, the court concluded that plaintiff's judgment exceeded Jon Heil's offer of judgment, and, accordingly, the court entered a supplemental judgment awarding plaintiff its request for costs and attorney fees incurred throughout the litigation. As for defendant Beverly Heil, defendants argued that her $2,600 offer of judgment also exceeded plaintiff's judgment because, despite the ultimate $6,801 damages award against defendants, the damages that were awardable against Beverly Heil *at the time the offer was made* purportedly did not exceed $2,600. The court rejected that argument.

---

[1] *See Int. Assn. Machinists, Woodworkers Local W-246 v. Heil*, 301 Or App 685, 457 P3d 357 (2020) (*IAM I*) (reversing a supplemental judgment awarding attorney fees to the plaintiff in FED action).

[2] ORCP 54 E(3) provides:

"If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence at trial and may be filed with the court only after the case has been adjudicated on the merits and only if the party asserting the claim *fails to obtain a judgment more favorable than the offer to allow judgment*. In such a case, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover from the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

(Emphasis added.)

Defendants now appeal the supplemental judgment, assigning error to the trial court's ruling that the judgment exceeded their offer.[3] For the reasons that follow, we conclude that the court did not err in concluding that plaintiff obtained a more favorable judgment than defendant Beverly Heil's offer of judgment, but that the court erred in concluding that plaintiff did obtain a more favorable judgment than defendant Jon Heil's offer of judgment. Accordingly, we reverse the award of attorney fees and costs against defendant Jon Heil but affirm the award of attorney fees and costs against defendant Beverly Heil. We also remand for further proceedings for the trial court to reexamine the award of attorney fees and costs against defendant Jon Heil in a manner consistent with this opinion.

We recount below only those facts relevant to this appeal, which are all either undisputed or procedural in nature. Defendants Jon and Beverly Heil are a married couple. Plaintiff and defendants were parties to a land sale contract for certain real property in Tillamook. When defendants failed to make payments pursuant to the contract, plaintiff initiated a forcible entry and detainer (FED) action. *See Int. Assn. Machinists, Woodworkers Local W-246 v. Heil*, 301 Or App 685, 687, 457 P3d 357 (2020) (*IAM I*). After a period of ongoing litigation, the parties entered into a settlement agreement. That agreement provided that defendants would have 90 days to pay plaintiff the purchase price for the property. If defendants failed to pay plaintiff the agreed-upon amount within 90 days, defendants agreed to vacate the property and have a judgment entered against them in the pending FED action. The settlement agreement also provided the prevailing party a right to attorney fees and costs if either party successfully prosecuted or defended an action relating to the rights or obligations under the agreement.

Defendants subsequently failed to pay plaintiff the purchase price within 90 days and also failed to voluntarily vacate the premises. Plaintiff then filed this action for breach

---

[3] We reject without further written discussion defendants' first, second, and fourth assignments of error.

of the settlement agreement.[4] On April 16, 2015, defendants offered to have judgment entered against them for "$2,600 jointly against [both defendants] and an additional $5,200 against John Heil [*sic*] only." The offer did not say whether or not it included attorney fees and costs. Plaintiff rejected the offer, and the case went before an arbitrator, who issued an arbitration award in favor of plaintiff. Defendants then appealed the arbitration award and requested a trial *de novo* in the circuit court.

The trial court granted plaintiff's pretrial motion for partial summary judgment on the issue of defendants' liability for breach of the settlement agreement. The parties then tried the issue of damages to the court. At that trial, the court ruled that plaintiff was entitled to $6,801 in damages for taxes and property insurance from 2014 to 2017. The court entered a general judgment and money award in favor of plaintiff for $6,801 plus $252 for a filing fee and $275 for a prevailing party fee. Plaintiff then sought attorney fees.

Defendants objected to plaintiff's attorney fee petition on a number of grounds, including that the judgment entered in favor of plaintiff did not exceed defendants' April 2015 offer of judgment and that, therefore, the court should limit plaintiff's attorney fee award to only those fees incurred prior to the date of the offer. Defendants raised unique arguments as to each defendant. Regarding defendant Jon Heil, defendants argued that he had offered a judgment of $7,800, which exceeded plaintiff's $6,801 damages award. As to defendant Beverly Heil, defendants argued that her $2,600 offer of judgment should be compared only to those damages that plaintiff could have recovered at the time the offer was made—specifically, taxes and insurance for 2014 only. Defendants argued that her $2,600 offer "appear[ed] to exceed" those damages, which defendants calculated to be $2,369.50.

---

[4] A judgment was also subsequently entered against defendants in the FED action. Defendants appealed that judgment and posted a supersedeas bond in order to retain possession of the premises during the pendency of that appeal, which we ultimately affirmed without opinion. *See International Association of Machinists, Woodworkers Local W-1 v. Heil*, 277 Or App 783, 376 P3d 306 (2016), *rev den*, 361 Or 350 (2017).

In response, plaintiff argued that, for ORCP 54 E purposes, the amount of the "judgment" equaled the sum of the damages award, $6,801, that plaintiff had obtained *plus* fees and costs, including attorney fees, that had been incurred by the prevailing party at the time of service of the offer. Plaintiff calculated that it had incurred $1,400.10 in costs and fees as of the date of service of the offer. Thus, plaintiff argued, the judgment—damages of $6,801 *plus* fees and costs of $1,400.10—totaled $8,201.10, which exceeded Jon Heil's offer of $7,800 and Beverly Heil's offer of $2,600.[5] In making that argument, plaintiff relied chiefly on a general statement in *Carlson v. Blumenstein*, 293 Or 494, 504, 651 P2d 710 (1982) ("The comparison of the offer with the judgment received should be made by comparing the offer of compromise against the sum of the award plus the costs and recoverable attorney fees incurred up to the time of service of the offer.").

The trial court agreed with plaintiff. In a written letter opinion, the court relied on *Carlson* to conclude that "the Court must compare the offer of judgment against the sum of the award plus the costs and recoverable attorney fees incurred up to the time of service of the offer." The court noted that the parties agreed that attorney fees and costs at the time of the service of the offer were $1,400.10. Thus, the court found that the total judgment in favor of plaintiff was $8,201.10 (the damage award of $6,801 plus the fees and costs at the time of the offer). That amount exceeded either defendant's offer of judgment. Accordingly, the court denied defendants' objection to limit plaintiff's attorney fees to those incurred up until the time of defendants' offer and entered a supplemental judgment awarding plaintiff $28,752.32 in attorney fees for plaintiff's fees that were incurred throughout the course of the litigation.

Defendants now appeal the supplemental judgment, assigning error to the court's award of fees and costs incurred *after* the service of their ORCP 54 E offer of judgment. As they had below, defendants raise arguments unique to each defendant. As to defendant Jon Heil, defendants argue that

---

[5] Defendants stipulated that plaintiff incurred $1,400.10 in preoffer costs and fees.

the court misinterpreted *Carlson*, and that, under the current version of ORCP 54 E, when an offer of judgment is silent regarding attorney fees, the correct approach is to exclude preoffer costs and fees on *both* sides of the comparison. At other points, defendants suggest that the same result would be reached by including preoffer costs and fees on *both* sides of the comparison.[6] In response, plaintiff argues that the trial court's approach—namely, not to add preoffer fees and costs to the offer of judgment but add them only to the judgment—was the correct one. Plaintiff points to two cases that seemingly applied the *Carlson* rule after ORCP 54 E was amended to its current form. *See Elliott v. Progressive Halcyon Ins. Co.*, 222 Or App 586, 593, 194 P3d 828 (2008) (holding that attorney fee sanction was not to be included in ORCP 54 E comparison because the fee sanction was not recoverable at the time of service of the offer); *Mulligan v. Hornbuckle*, 227 Or App 520, 523-25, 206 P3d 1078 (2009) (comparing the offer of judgment with the "face amount of the verdict combined with plaintiff's pre-offer costs" and prevailing party fee to conclude that the judgment exceeded the offer). We review for errors of law. *Mulligan*, 227 Or App at 523.

Under ORCP 54 E(1), a party against whom a claim is asserted may "serve upon any other party asserting the claim an offer to allow judgment to be entered against the party making the offer for the sum, or the property, or to the effect therein specified." The party asserting the claim is free to reject the offer, but,

> "if the party asserting the claim fails to obtain a judgment more favorable than the offer to allow judgment[,] *** the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover from the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

ORCP 54 E(3). If the offer does not specify whether or not it includes attorney fees, "the party asserting the claim

---

[6] As we note below, whether you include or exclude costs on both sides of the comparison does not matter in this particular case because the preoffer fees and costs that are included in the offer and the ultimate judgment are the same.

shall submit any claim for \*\*\* attorney fees to the court as provided in Rule 68." ORCP 54 E(2). When determining whether the offer of judgment under ORCP 54 E was more favorable than the judgment, the court "must compare both amounts." *Mulligan*, 227 Or App at 523 (citing *Carlson*, 293 Or at 503-04). For comparison purposes, the "judgment encompasses the sum of the award plus the costs and recoverable attorney fees incurred up to the time of service of the offer." *Elliott*, 222 Or App at 592 (citing *Carlson*, 293 Or at 504 (internal quotation marks omitted)).

In *Carlson*, the issue before the Supreme Court was whether plaintiffs had obtained a more favorable judgment than the defendants' offer of judgment under the statutory precursor to ORCP 54 E. *See former* ORS 17.055 (1977), *repealed by* Or Laws 1979, ch 284, § 199. Significantly, unlike the current version of ORCP 54 E, that predecessor statute did not provide that, if the offer was silent as to attorney fees, the party asserting the claim would be free to seek attorney fees through the usual ORCP 68 process. *Cf.* ORCP 54 E(2) ("If the offer does not state that it includes costs and disbursements or attorney fees, the party asserting the claim shall submit any claim for costs and disbursements or attorney fees to the court as provided in Rule 68."). To the contrary, before *Carlson* was decided, the Supreme Court had held that, in contract cases in which attorney fees had been pleaded in the complaint, a party's acceptance of an offer of judgment under *former* ORS 17.055 (1977) that did not include attorney fees prohibited that party from later seeking fees. *See State ex rel State Scholarship Com'n v. Magar*, 288 Or 635, 642, 607 P2d 167 (1980) (holding that, when "an offer to allow entry of a judgment which does not include a part of the judgment sought by the complaint—in this case a judgment for attorney fees—\*\*\* the only judgment that can properly be entered is one which is in accordance with the terms of the offer, as accepted").

In 1980, *former* ORS 17.055 (1977) was repealed. Or Laws 1979, ch 284, § 199. In its place, the Council on Court Procedures promulgated ORCP 54, which "altered that formulation" set forth in *former* ORS 17.055 (1977) and *Carlson. Adler Leather Sportswear v. Roberts*, 67 Or App 188, 192, 677 P2d 757 (1984) (noting that, unlike *former*

ORS 17.055 (1977), which is the statute that the court construed in *Carlson*, under ORCP 54, "acceptance of the offer to have judgment entered for a certain amount gives the plaintiff the right to seek costs as provided in ORCP 68," and that, consequently, costs should be considered on both sides of the comparison). As noted above, ORCP 54 E(2) provides that, "[i]f the offer does not state that it includes costs and disbursements or attorney fees, the party asserting the claim shall submit any claim for costs and disbursements or attorney fees to the court as provided in Rule 68." In other words, a party who accepts an offer of judgment that is silent regarding attorney fees *is* entitled to seek reasonable attorney fees and costs through the ORCP 68 process.

As mentioned above, defendants' offer did not expressly state that it included attorney fees and costs. It also did not exclude such fees and costs. Nevertheless, under ORCP 54 E(2), if plaintiff had accepted the offer, plaintiff would have been entitled to seek its reasonable attorney fees, costs, and disbursements that were incurred up to the date of service of the offer through the ORCP 68 process.[7] The amount of attorney fees and costs would have been exactly the same as the fees and costs that the trial court later found that plaintiff had actually incurred at the time of service of the offer—$1,400.10.[8] *See, e.g.*, *Adler Leather Sportswear*, 67 Or App at 192 (holding that, because the defendant's offer under ORCP 54 E was silent as to costs and the plaintiff would have been entitled to seek preoffer costs had it accepted the offer, the offer and the judgment both "should have included an additional amount for [the plaintiff's] costs incurred up to the date of the offer," and "[t]he two total amounts would be exactly the same"). Consequently, plaintiff's judgment plus preoffer attorney fees and costs was less than defendant Jon Heil's ORCP 54 E offer plus preoffer attorney fees and costs. Plaintiff did not obtain a more favorable judgment against defendant Jon

---

[7] As noted above, the parties had a prevailing party attorney fee provision in their settlement agreement.

[8] As previously explained, the parties stipulated before the trial court that plaintiff had incurred preoffer fees in the amount of $1,083.10 and $317.00 in preoffer costs, for a total of $1,400.10 in fees and costs. There is no dispute regarding that amount on appeal.

Heil. Plaintiff was not entitled to attorney fees and costs incurred after the date of defendant Jon Heil's offer.

The purpose of the rule regarding offers of judgment is to "encourage the settlement of cases and reduce court congestion by penalizing a plaintiff who fails to accept what, in retrospect, is seen to have been a reasonable offer." *Carlson*, 293 Or at 503-04; *see also Quality Contractors, Inc. v. Jacobsen*, 154 Or App 343, 349, 963 P2d 30 (1998) (looking to purpose of rule to conclude that an offset resulting from settlement with the codefendant should not be taken into account in determining whether the plaintiffs obtained a more favorable judgment). To allow the attorney fees that were incurred up to the time of service of the offer to be considered only on one side of the comparison, even though plaintiff would have been entitled to seek the exact same amount of fees had it accepted the offer, would frustrate the purpose of the rule. Rather, such a construction may encourage parties to reject reasonable offers and continue litigating if the attorney fees incurred up to the time of service of the offer could later be calculated to inflate only the judgment and not the offer. We do not believe that the Council on Court Procedures, which drafted ORCP 54 E, nor the Supreme Court in *Carlson*, intended such a result.

Plaintiff asserts that *Elliott* and *Mulligan* are two cases in which this court applied the rule as proposed by plaintiff. Those cases, however, are easily distinguishable and do not control here. In *Mulligan*, the defendant offered judgment for $16,000, and that offer "encompass[ed] damages, costs and fees." 227 Or App at 522 (internal quotation marks omitted). The jury returned a verdict of $18,000.50 in damages. We observed that, when preoffer costs and fees were added to the damages award, the judgment "easily exceeds the amount of the settlement offer." *Id.* at 524. Thus, there was no need to calculate precisely what the preoffer costs and fees would have been because the offer—which included fees and costs—was clearly less than the damages award without adding costs and fees. *Mulligan*, therefore, did not address the question presented in this case.

Nor did *Elliott* directly address the question presented here. In that case, the defendant offered to allow

judgment in the amount of $10,000, including costs but not attorney fees. 222 Or App at 589. The plaintiff recovered $8,509.64 in damages at a jury trial and sought costs in the amount of $1,199.50 and attorney fees *as a discovery sanction. Id*. We first ruled that an attorney fee sanction was not "recoverable" until after it had been proved at trial under ORCP 46 C, and thus was not properly part of the judgment. 222 Or App at 592-93. Then, comparing the judgment with the offer excluding those attorney fees on both sides of the calculation, we determined that the plaintiff had failed to exceed the offer of judgment.

In this case, when determining whether the party asserting the claims recovered a more favorable award than the offer of judgment, the proper comparison under ORCP 54 E is between the offer of judgment, which here includes the right to pursue recoverable attorney fees and costs incurred up to the time of service of the offer, and the judgment, which includes the sum of the award plus those same fees and costs.[9] Here, Jon Heil's offer of judgment was for $7,800, plus plaintiff would have been entitled at that time to pursue $1,400.10 in preoffer attorney fees and costs; the trial court later concluded that $1,400.10 was the correct awardable amount of preoffer fees and costs although it erred when it did not include that amount in calculating the total offer of judgment. The court also later concluded that the judgment included the damages award of $6,801, plus the same $1,400.10 in recoverable preoffer fees and costs.[10] Therefore, the offer was for $9,200.10 and the judgment was in the amount of $8,201.10. Plaintiff did not obtain a more favorable judgment than defendant Jon Heil's April 2015 offer. The trial court erred in ruling otherwise.

---

[9]  Conversely, in this case, the same result would be achieved if the combined preoffer recoverable attorney fees and costs were not considered on either side of the equation.

[10]  The parties do not address in their briefs the $275 prevailing party fee that was awarded to plaintiff as part of the general judgment. As noted above, the parties agreed in the trial court on the amount of plaintiff's total preoffer fees and costs, and the court accepted that amount in determining the amount of the total judgment. The parties do not address how that prevailing party fee was accounted for within that total. Because the parties do not address it, we do not consider it.

We turn to the effect of ORCP 54 E on defendant Beverly Heil's offer of $2,600, which was far less than the $6,801 in damages that the trial court ultimately awarded against her, whether or not fees and costs are considered in the comparison. As noted above, defendants argue that the court is required to examine the case at the time the offer of judgment is made and determine what damages plaintiff would have been awarded at that time. Defendants argue that, as of the April 16, 2015, offer of judgment, the only damages that plaintiff would have been awarded were taxes and insurance for 2014, which total $2,369.50. Defendant Beverly Heil, therefore, contends that plaintiff could not recover attorney fees and costs against her that plaintiff incurred after the offer of judgment.

Defendant Beverly Heil's argument is not supported by and, indeed, is contradicted by ORCP 54. ORCP 54 E(3) calls for a comparison between the offer of judgment and the ultimate judgment obtained. *See* ORCP 54 E(3) (stating that the court shall not award fees, among other things, incurred after the date of offer when "the party asserting the claim fails to obtain a judgment more favorable than the offer to allow judgment"). There is no support for defendant Beverly Heil's contention that the court is to compare her offer of judgment with the amount that plaintiff would have obtained against her on the date of the offer of judgment. *See also Mulligan*, 227 Or App at 525 (stating that "trial courts have no obligation to look behind the dollar amount of a judgment in making the comparison required by ORCP 54 E"). The trial court did not err when it awarded plaintiff its fees and costs for the duration of the litigation against defendant Beverly Heil rather than cutting the fees and costs off at the time of defendant Beverly Heil's offer of judgment. Plaintiff's judgment (as with Jon Heil, $8,201.10 representing $6,801 in damages plus fees and costs) against Beverly Heil clearly exceeded her $2,600 offer of judgment (plus fees and costs).

In conclusion, the trial court erred in determining that the judgment exceeded defendant Jon Heil's $7,800 offer of judgment, but the trial court did not err in determining that the judgment exceeded defendant Beverly Heil's offer of $2,600. We therefore reverse the supplemental judgment

awarding attorney fees and remand to the trial court to determine attorney fees and costs in a manner consistent with this opinion.

Supplemental judgment for attorney fees reversed and remanded as to defendant Jon Heil; otherwise affirmed.